PETROLEUM PRODUCERS COMPANY v. W. LON STEFFENS, ET AL.

No. 7878. Decided May 13, 1942.
Rehearing overruled June 10, 1942.
(162 S. W., 2d Series, 698.)

*Kilgore and Rogers,* of Wichita Falls, for appellants.

*Scarborough, Yates & Scarborough,* of Abilene, for appellees.

MR. PRESIDING JUDGE HARVEY delivered the opinion of the Commission of Appeals, Section A.

The Court of Civil Appeals at Eastland has submitted a certificate containing certified questions. Among the questions certified, is an inquiry whether or not the facts hereinafter stated established venue in Jones County according to the

provisions of Subdivision 5 of Article 1995 of the Revised Statutes. The relevant facts are these: This suit was brought in the district court of Jones County by W. Lon Steffens and others against the Petroleum Producers Company to recover damages for the breach of an implied obligation on the part of the Producers Company to drill offset wells and development wells on a certain tract of 40 acres of land in Jones County. Said tract of land is described in and covered by an oil lease in writing, executed by Steffens and others, as lessors, to the Producers Company as lessee. The company duly filed its plea of privilege to be sued in Wichita County, the county of its domicile. Steffens and others duly filed a controverting plea in which venue was claimed to lie in Jones County under the provisions of Subdivision 5 of Article 1995. Upon due hearing, the trial court overruled the plea of privilege. At such hearing the lease instrument was introduced in evidence and, except the admitted fact that the Producers Company had accepted said lease and had drilled four producing oil wells on the 40-acre tract, there was no other evidence introduced.

Subdivision 5 of Article 1995 was amended in the year 1935. As amended, same reads as follows:

"If a person has contracted in writing to perform an obligation in a particular county, expressly naming such county, or a definite place therein, by such writing, suit upon or by reason of such obligation may be brought against him, either in such county or where the defendant has his domicile."

■ It is quite clear from the language used in this subdivision that, aside from the fact that the pleadings in the suit disclose that the suit is "upon or by reason of" an obligation of some sort—either written or unwritten, express or implied— there is but a single fact which need be shown in order to cast venue in the county where the suit is brought. This single fact is to the effect that the defendant has contracted in writing to perform the alleged obligation in said county—the county or some definite place therein being expressly named in the writing. Proof of the existence of a cause of action is not required now, and was not required before the subdivision was amended in 1935. Farmers Seed & Gin Co. v. Brooks, 125 Texas 234, 81 S. W. (2d) 675; Bradley v. Bank, 118 Texas 274, 14 S. W. (2d) 810.

In so far as same are material, the expressed terms of the lease instrument here involved read as follows:

"That the said lessor, for and in consideration of One dollar *Dollars,* cash in hand paid, receipt of which is hereby acknowledged, and of the covenants and agreements hereinafter contained on the part of the lessee to be paid, kept and performed, have granted, demised, leased and let, and by these presents does grant, lease and let unto the said lessee for the sole and only purpose of mining and operating for oil and gas and of laying pipe lines and of building tanks, power stations and structures thereon to produce, save and take care of said products, all that certain tract of land situated in the County of Jones, State of Texas, described as follows: (Here the 40-acre tract covered by the lease is described.)

"* * * * *

"In consideration of the premises the said lessee covenants and agrees:

"1st. To deliver to the credit of the lessor, free of cost, in the pipe line to which they may connect their wells, the equal one-eighth part of all oil produced and saved from the leased premises."

■ The terms of the lease instrument set out above—nothing to the contrary appearing in the instrument—imply an obligation on the part of the lessee to drill offset wells and development wells. Grubb v. McAfee, 109 Texas 527, 212 S. W. 464; Texas Pacific Coal & Oil Co. v. Barker, 117 Texas 418, 6 S. W. (2d) 1031; Freeport Sulphur Co. v. American Sulphur Royalty Co. of Texas, 117 Texas 439, 6 S. W. (2d) 1039. The place for performance of this implied obligation is expressly named in the lease instrument, towit, the parcel of land in Jones County in respect to which the parties to the lease were contracting.

We conclude that the facts show that venue, as prescribed in Subdivision 5, lies in Jones County and that the trial court correctly overruled the company's plea of privilege. There is no need for us to consider any of the other certified questions obtained in the certificate.

Opinion adopted by the Supreme Court May 13 1942.

Rehearing overruled June 10, 1942.