**ROACH et al. v. SCHAEFER.**

No. 14971.

Court of Civil Appeals of Texas.
Fort Worth.

Oct. 8, 1948.

Cantey, Hanger, McKnight & Johnson and J. Kirby Smith, all of Fort Worth, for appellants.

No appearance for appellee.

HALL, Justice.

Appellants, J. E. Roach et ux, dba Carriers and General Insurance Agency, filed this suit in a county court of Tarrant County, Texas against appellee, E. B. Schaefer and Jack Burks, dba Burks and Schaefer, who are in the trucking business.

E. B. Schaefer filed his plea of privilege to be sued in the county of his residence, Uvalde County. Upon the trial the plea was sustained.

Appellants in the form of sixteen points submit the following propositions to this court:

(1) The court erred in finding as a fact that the written application for truck insurance relied upon by appellants lacked mutuality and was unilateral in that the appellants were not legally bound to do anything and that appellee, E. B. Schaefer, could not enforce said contract.

(2) The court erred in finding as a matter of fact that the assignment of said cause of action by Lloyds Casualty Insurer to the Carriers and General Insurance Agency was ineffective to place any cause of action in the appellants.

(3) The court erred in finding as a matter of fact that Lloyds Casualty Insurer and/or Carriers and General Insurance Agency, appellants herein, failed to establish a cause of action against appellee for unpaid premiums due on policies involved.

(4) The court erred in concluding that the plaintiffs failed to establish the requisites of an enforceable contract performable only in Tarrant County, Texas.

Appellee has filed no brief.

Appellants' testimony reveals that he and his wife live in Fort Worth, Tarrant County, Texas, where they are doing business as Carriers and General Insurance Agency; that on or about April 17, 1947 he entered into a written contract with E. B. Schaefer and Jack Burks to sell them certain insurance on four trucks and in said application, signed by appellee, E. B. Schaefer, there is recited the following: " * * * The last two trucks are owned and operated by E. B. Schaefer. Each of us agrees to pay the insurance premiums to Carriers and General Insurance Agency at their office in Fort Worth, Texas for our respective trucks until they expire or canceled by the Railroad Commission * * *" That said insurance was written and appellee had made payments on the premiums. There was introduced in evidence a check executed by E. B. Schaefer for $147.60, made payable to Carriers and General Insurance Agency, which appellant testified had not been paid. The insurance was written by Lloyds Casualty Insurer, Houston, Texas; said Company on the 8th day of December, 1947 assigned the Burks and Schaefer account to appellants herein, and

in turn appellants filed this suit to recover the unpaid premiums on said policies.

In sustaining appellants' first proposition wherein the court erred in holding the written application for insurance, which is the basis for this law suit, lacked mutuality and was unilateral, in that the appellants were not legally bound to do anything and that appellee could not enforce said contract, we wish to point out that even though such written application alone might have been a unilateral contract, yet the facts show that assignors of appellants acted upon and fulfilled the contract by writing the insurance to appellee, which appellee accepted, operated under and made partial payments thereon; therefore under such conditions, the contract becomes binding as between the parties.

It is written in 10 Tex.Jur., p. 170, sec. 99, that the "test of mutuality is to be applied as of the time when it is sought to enforce the promise of one of the parties, and not as of the time when it was made."

"Want of mutuality is no defense to the enforcement of an executed contract; and a party cannot successfully plead unilateralness in a contract which he has performed in whole or in part. Nor can a party who has actually received the consideration for a contract escape liability for breach of its covenants on the ground that it did not bind the opposite party to perform, where the latter has actually performed.

"Though a contract is lacking in mutuality when it is made and while it is wholly executory, performance in whole or in part by the promisee supplies a consideration on his part, and renders the contract binding upon and enforceable against the other party. A promise by one party to do something if the other party will do something is not binding upon the promisor until the promisee engages to do, or does or begins to do, the thing specified, and until then may be withdrawn. But it is a continuing promise until the promisee does the thing required of him, and if the promisee subsequently binds himself to do the thing, or begins to do it in a way that

obligates him to complete it, there is then mutuality of obligation, and the promisor is bound. The promisor is also bound if the promisee does the thing required, though without any promise to do it, since this supplies a consideration for the original promise." 10 Tex.Jur., p. 171, sec. 100. United Appliance Corp. v. Boyd, Tex.Civ. App., 108 S.W.2d 760.

The case at bar is somewhat analogous to the following cases:

Port Iron & Supply Co. v. Casualty Underwriters, Tex.Civ.App., 118 S.W.2d 627, wherein it was held that when the subscriber applied for insurance and the company having issued the policy and the subscriber accepts same, paying advanced premiums thereon and submitting periodical statements of its payroll, etc. constituted an obligation in writing which was performable within the venue statute.

It was held in the case of Clay v. Moore, Tex.Civ.App., 175 S.W.2d 433, that "Provisions of insolvent reciprocal insurance exchange subscribers' agreement for payment of subscriptions in city of Dallas and terms thereof importing valid undertaking to perform obligation in Dallas county fixed venue in such county of action involving such agreement by receiver of exchange against one of subscribers."

In the case of Mercer v. Knox, Tex.Civ. App., 193 S.W.2d 885, the syllabus is as follows: "One accepting insurance policy issued to him by interinsurance exchange, paying premiums thereon, and receiving benefits thereof was charged with knowledge of power of attorney or subscribers' agreement, made part of policy, in absence of fraud or concealment, though he did not sign such agreement, so that exchange's suit against him for additional premiums was properly brought in county wherein office of plaintiff's attorney in fact was located, in view of provision in agreement for subscribers' payment of moneys due at such office."

The second proposition is sustained because it is the law that most any species of property is assignable, especially everything which can be called a debt and the assignee may recover either in his own name or in that of his assignor. See 5 Tex.Jur., p. 7. An assignment "is the act by which one person transfers to another, or causes to vest in another, his right or property, or an interest therein; and unless in some way qualified, it is properly the transfer of one's whole interest." 5 Tex. Jur. p. 4.

Appellants' third proposition is also sustained for under subdivision 5 of Article 1995, Vernon's Ann.Civ.St., it is only necessary to prove that the defendant has contracted in writing to perform an obligation in the county where the suit is brought and it is not necessary to prove existence of the cause of action alleged. Petroleum Producers Co. v. Steffens et al., Tex.Com.App., 139 Tex. 257, 162 S.W.2d 698.

The fourth proposition is sustained because under the written application appellee agreed in writing to pay for his premiums at the office of appellants in Tarrant County Texas. This stipulation in the contract is a sufficient valid obligation to perform in Tarrant County in order to establish venue therein under subdivision 5 of Article 1995, Vernon's Ann.Civ.St. Christian v. Universal Credit Co., Tex.Civ. App., 63 S.W.2d 229, writ dismissed; Mercer v. Knox, Tex.Civ.App., 193 S.W.2d 885; Yates v. Grayburg Oil Co., Tex.Civ. App., 38 S.W.2d 414; Strange v. General Motors Acceptance Corp., Tex.Civ.App., 2 S.W.2d 255; Film Advertising Corp. v. Camp, Tex.Civ.App., 137 S.W.2d 1068; Port Iron & Supply Co. v. Casualty Underwriters, Tex.Civ.App., 118 S.W.2d 627.

Judgment of the court below in sustaining appellee's plea of privilege is reversed and here rendered overruling appellee's plea of privilege.