**J. C. ALEXANDER & SONS v. WATT et al.**

No. 4746.

Court of Civil Appeals of Texas. El Paso.
July 12, 1950.

Dal.y & Alexander, Borger, for appellants.

Stubbeman, McRae & Sealy, Midland, for appellees.

PRICE, Justice.

This is an appeal from an order of the District Court of Midland County, Texas, overruling a plea of privilege.

We shall in substance adopt the statement of the nature and result of the case contained in appellant's brief. This is a suit for breach of contract and for damages, instituted by appellees, Hall M. Watt and T. N. McWhirter against the appellants, J. C., D. C., C. K. and G. E. Alexander, individually and as members of the copartnership styled J. C. Alexander & Sons. Appellants filed a plea of privilege to be sued in Hutchinson County, Texas, the County of their residence. Appellees filed a controverting affidavit alleging that Exception 5 to Article 1995, R.C.S., Vernon's Ann.Civ.St. art. 1995, subd. 5, applied in this cause and the appellants were obligated to perform a written contract with appellees in Midland County, Texas. Upon a hearing of the plea of privilege appellees introduced in

evidence a written contract which they allege embodied the exception to the venue statute. The court overruled appellants' plea of privilege, from which order this appeal is prosecuted.

■ Appellees sued on a contract in writing. In order to maintain venue in Midland County it was incumbent upon them to show that they came within the exception provided for by Section 5 of Art. 1995 R.C.S. as same was amended in 1935. The amended section is as follows: "If a person has contracted in writing to perform an obligation in a particular county expressly naming such county, or a definite place therein, by such writing, sued upon or by reason of such obligation may be brought against him, either in such county or where the defendant has his domicile."

Appellees attached to their petition a copy of the contract relied upon and introduced same in evidence. It is thought unnecessary to reproduce in full this contract and that a statement of the tenor and nature thereof with a copy of the part deemed pertinent and applicable to the issue of venue will suffice. The contract by way of recital gives the residences of appellants as Hutchinson County, Texas, and the residence of appellees as Midland, Texas. Appellants in the contract are designated as distributors and appellees are designated as Sales Agent. It recites that the Sales Agent has his principal place of business at Midland, Texas. By the terms of the contract the Distributor agreed to sell and the Sales Agent agreed to purchase for resale within some 35 or 40 counties in Texas, Russell Carbureter Company's carbureters and parts thereof. The Sales Agent was given the exclusive right to sell in the territory. Paragraph 3 of the contract is here reproduced: "3. Distributor will sell the products of Russell Carbureter Company, of Shawnee, Oklahoma, at list price less thirty-nine per cent (39%), f. o .b. at point of manufacture, as shown in the Official Distributor's Manual provided by Russell Carbureter Company as it now exists and is revised from time to time by said manufacturer, to sales agent, and all products sold by distributor to sales agent shall be paid for to distributor in cash on delivery of such products to sales agent, who shall mail a check to distributor for the purchase price thereof at Borger, Texas."

■ If appellants are bound by this contract to perform any obligation in Midland County it must be inferred from the fact that the contract recites that appellees' residence and principal place of business is at Midland, Texas, and that appellees shall pay to the distributor in cash on delivery to them of such products. The provision that the price shall be 39% less than the list price f. o. b. Shawnee, Oklahoma, perhaps only fixes the price to be paid by appellees. However, it is to be borne in mind that the territory covered by this contract is composed of more than forty counties. Appellees are purchasing of appellants the carbureters and parts to sell throughout this extensive territory. Considering the contract as a whole, as we must, it would seem that appellees had the right thereunder to order appellants to ship such goods to any point within the area covered by the contract. Appellees' petition does not enlighten us in what respect appellants breached their contract. It does aver they paid appellant $2,000 in consideration of the covenants and agreements assumed by defendants in the contract, that in reliance on the contract appellees incurred expenses in the amount of $700 in preparation for the performance of the contract, and that defendants have failed to perform any of the obligations assumed by them in the contract. Sought is the return of the $2,000 paid by appellees to appellants and $700 as damages occasioned by appellees' preparation to perform the parts of the contract binding on them. A mere specification in the contract of the residence of a party does not constitute an obligation by the other party to perform in such county. The specification of the county of plaintiff's residence, coupled with the agreement to deliver goods to them does not necessarily imply that the goods are to be delivered to him in the county of his residence. Especially is this true where it is contemplated that the buyer shall resell the goods outside the county of this residence. Pack v. Dittlinger and Dare, Tex. Civ.App., 136 S.W.2d 636 and cases there

cited: Nichols v. Benjamin Franklin Indemnity Corp., Tex.Civ.App., 81 S.W.2d 279.

Our construction is that the buyer, that is, appellees, had the right and option to order the goods purchased to be consigned to them at any point within the territory within which it was contemplated by the contract that they should resell same. Appellants have not by this written contract plainly agreed to perform in Midland County. Heid Bros. v. Riesto, Tex.Civ.App., 247 S.W. 349; Quinn v. Home Owners' Loan Corp., Tex.Civ.App., 125 S.W.2d 1063.

In our opinion the contract on its face shows that is does not come within the exceptive provision of Section 5, Art. 1995 of the Statutes as amended.

It is therefore ordered that the order of the trial court overruling the plea of privilege be reversed and judgment is here rendered changing the venue of the cause to Hutchinson County, the county of the residence of defendants. The court below will take the necessary steps to effectuate this order.

SUTTON and McGILL, JJ., concur.