**SHEFFIELD  v.  KIRSCHMER et al.**

No. 14843.

Court of Civil Appeals of Texas.

Dallas.

June 25, 1954.

Sam McCollum III, Brady, Dan Gibbs, Dallas, Lattimore and Lattimore, Fort Worth, for appellant.

Bowyer, Gray, Thomas, Crozier & Harris, Dallas, for appellees.

YOUNG, Justice.

This is a venue case, ancillary to a suit by A. G. Kirschmer and Frank Hofues against B. R. Sheffield for rescission of an agreement and recovery of indebtedness allegedly owed by such defendant. On hearing, the plea of Sheffield to be sued in county of his residence—McCulloch—was overruled, with seasonable appeal; the controverting affidavit relying on exception 5, an agreement in writing to be performed in Dallas County, and exception 7, alleging fraudulent representations made in Dallas County. Appellees may be referred to herein as Kirschmer.

Relevant to the issues involving venue, plaintiffs' pleading and controverting affidavit reflect the following: That under written contract of February 23, 1953 Kirschmer had agreed to sell to Sheffield a promissory note for $1,500,000, signed by one Roger Cunningham, secured by first lien on Del Mar apartment property, Santa Monica, California; Sheffield agreeing to pay Kirschmer for said note $250,000 in cash and convey certain Texas lands and property situated in Pecos County, Killeen, Bell County, and all outstanding stock of Southwest Apartments, Inc., Abilene, Taylor County; that on May 1, 1953 (date of final contract closing) there were monthly payment liens due on last named properties —at Killeen of $1,074 and on Southwest Apartments of $2,116; it being agreed by attorneys for the respective parties that these liens would be paid by appellees, Sheffield immediately accounting for and delivering to plaintiffs the April rents accrued on said apartment properties; that said promise was made by Sheffield in Dallas, Texas for purpose of inducing plaintiffs to close the note transaction, which promise and representation defendant then did not intend to perform; and constituting fraud entitling plaintiffs to rescind said agreement and recover the lien monies so paid by plaintiffs.

For further cause of action plaintiffs alleged, inter alia, that the contract of February 23, 1953 contained the following recital: "It is understood and agreed between the parties hereto that such corporation (Southwest Apartments, Inc.) is the owner of certain apartment houses in the City of Abilene, Taylor County, Texas, and that there is a total indebtedness of approximately $294,962.33 owing on such apartment houses." That on March 28, 1953 in Dallas defendant again represented to plaintiffs the nonexistence of debts against Southwest Apartments, Inc., except current operating expenses and a lien of approximately $295,000; agreeing prior to close of the note transaction that he would furnish a financial statement of the corporation to such effect; that just before closing the principal contract defendant had not submitted this financial statement and in lieu thereof plaintiffs accepted from defendant the following written agreement of April 30, 1953: "As a part of the consideration for the above contract between A. G. Kirschmer and B. R. Sheffield dated February 23, 1953, I am conveying or causing to be conveyed to you all of the outstanding capital stock of Southwest Apartments, Inc., of Abilene, Texas, a Texas corporation, except 100 shares preferred stock of the par value of $1.00 each held by Federal Housing Administration. The property owned by the corporation is free and clear of all liens and indebtedness except approximately $295,000, being the balance due on a note secured by Deed of Trust, dated April 20, 1950, executed by Southwest Apartments, Inc., to J. E. Foster, Jr., Trustee; and current operating expenses. There are no other claims, debts, suits or causes of action pending against this corporation. All current operating

expenses will be paid up to the date of the closing of our contract. In the event there are other debts, claims or causes of action asserted against such corporation which arose prior to the closing of our transaction, I will indemnify and hold you harmless against such debts, claims and causes of action and will reimburse you upon demand for all sums that you may be required to pay thereon at the office of H. T. Bowyer, 1313 Southwestern Life Building, Dallas, Texas. * * * B. R. Sheffield"; that by checks dated March 31, 1953 Southwest Apartments, Inc., owner of the Abilene property, paid out of the funds of said corporation to Lawler Construction Company the sum of $1,988 and the further sum of $2,386.91, or a total sum of $4,374.91; that as a result, under the representation made to plaintiffs in Dallas County, Texas and above agreement of April 30, 1953, Sheffield became bound and obligated to pay plaintiffs at Dallas, Texas aforesaid sum of $4,374.91.

In several points, appellant complains of error in the trial court's overruling of his plea to the venue, sufficiently comprehended in the following: " (1) Where the portion performable in Dallas County, of a written contract, has not been breached, suit may not be maintained in Dallas County against a plea of privilege of the McCulloch County resident, sole defendant. (2) The written contract must itself display the venue in Dallas County of a suit, against a plea of privilege of the sole defendant, a resident of McCulloch County, Texas, when venue is sought to be held under R.S. 1995, sub. 5. (4) An agreement of defendant made in Dallas County, Texas, to pay money to plaintiffs in Dallas County, Texas, and failure or refusal of defendant to pay same, will not support venue in Dallas County, under Subdivision 7 (fraud) R.S. 1995, against the plea of defendant to be sued at his residence in McCulloch County, Texas. (5) The evidence wholly fails to show a fraud committed in Dallas County, in the matters alleged in the controverting affidavit."

Relevant to above mentioned checks, it was the testimony of Mr. Sherwood, bookkeeper for Southwest Apartments after

May 1, that the $1,988 indebtedness had accrued against the corporation according to the books on March 31, 1951, the check therefor being credited to "construction contract payable." The other check for $2,386.91 had been credited to "expense account"; that it covered items antedating the transfer of stock to appellees; witness having been unable to secure further information as to this charge from books of Lawler Construction Company; and that open accounts payable to Southwest Apartments, Inc. on March 21 were $695, which had been paid on April 30.

Subdivision 5, Art. 1995, V.A. C.S., as amended, provides: "If a person has contracted in writing to perform an obligation in a particular county, expressly naming such county, or a definite place therein, by such writing, suit upon or by reason of such obligation may be brought against him, either in such county or where the defendant has his domicile." In connection therewith, it is appellant's contention that there has been no breach of the indemnity agreement of date April 30, 1953 such as to maintain suit in Dallas County under the quoted exception to the rules of venue. Admittedly, however, defendant executed the writing in question, expressly enumerating a species of obligations payable in Dallas County, Texas; venue in said County being thereby established within meaning of the invoked subdivision. In determining venue under Article 1995, subd. 5, the written contract must be considered as a whole. Alexander & Sons v. Watt, Tex.Civ.App., 233 S.W.2d 911. "When the plaintiff has alleged and proved execution of the contract and has introduced it in evidence, this meets the burden placed on him to establish the right to maintain the suit in the county." 43–B Tex.Jur. 411, 412; it not being necessary to prove the cause of action alleged; Roach v. Schaefer, Tex.Civ.App., 214 S.W.2d 128; Petroleum Producers Co. v. Steffens, 139 Tex. 257, 162 S.W.2d 698; or a breach of the contract; Farmers' Seed & Gin Co. v. Brooks, Tex. Com.App., 125 Tex. 234, 81 S.W.2d 675. The single fact necessary to be shown thereunder "is to the effect that the defend-

ant has contracted in writing to perform the alleged obligation in said county * * *." Petroleum Producers Co. v. Steffens, supra [139 Tex. 257, 162 S.W.2d 699]; 43–B Tex. Jur. p. 409.

■ Further with reference to the two checks already described, it may be assumed for venue purposes that same were not for "current expenses"; in which connection, according to testimony adduced by appellees, defendant represented on March 28, 1953, at Dallas, Texas that there were no debts or causes of action owing by Southwest Apartments, Inc., except the lien for approximately $295,000 and current operating expenses; being a false statement amounting to fraud committed in Dallas County, Texas. The testimony is sufficient to support such a finding on part of the trial court, considering the origin of these checks and unexplained delay in presentation. The court in Maulding v. Niemeyer, Tex.Civ.App., 241 S.W.2d 733, 738, discussing subd. 7 and whether or not the promise of Maulding made in Uvalde County, with no intention of performance, was tantamount to fraud, had this to say: "* * * In accordance with the legislative intention and with the authorities we have investigated we think it safe to say that very slight circumstantial evidence of fraud, when considered with the breach of promise to perform some act in the future, is sufficient to support a finding of fraudulent intent in transactions within the purview of the Statute. All the circumstances surrounding this transaction were sufficient to support such implied finding here, and appellant's points to the contrary are overruled." See also Blanton v. Sherman Compress Co., Tex.Civ.App., 256 S.W.2d 884.

■ Concerning defendant's promise to turn April rents of both Killeen and Abilene properties over to plaintiffs in consideration of the latter's satisfaction of installment liens of stated amounts, the testimony discloses merely a refusal to account for these rents; not raising the issue "of lack of intention to perform at the time the covenant was entered into." Maulding v.

Niemeyer, supra. The claim of rents, however, is incident to the original transaction beginning February 23, 1953, consummated May 1st; venue of which may be retained in Dallas County along with the other items of alleged indebtedness, thus avoiding a multiplicity of suits. Farmer v. Cassity, Tex.Civ.App., 252 S.W.2d 788.

The order overruling defendant's plea of venue must accordingly be affirmed