McKENZIE CONSTRUCTION COMPANY et al., Appellants,

v.

W. Preston PITTMAN et al., Independent Executors and Trustees of the Estate of Clara Driscoll, Deceased, et al., Appellees.

No. 12939.

Court of Civil Appeals of Texas. San Antonio.

March 7, 1956.

Rehearing Denied April 4, 1956.

528

Keys, Russell, Keys & Watson, Corpus Christi, Vinson, Elkins, Weems & Searls, C. E. Bryson, Ben H. Rice, III, Houston, for appellants W. Preston Pittman, Dr. McIver Furman and I. W. Keys, Independent Executors of the Estate of Clara Driscoll, Deceased.

Kleberg, Mobley, Lockett & Weil, Corpus Christi, Carl Wright Johnson, Dodson, Duke, Branch & Davis, San Antonio, for appellants McKenzie Construction Company, Alamo National Bank, San Antonio, Independent Executor of the Will and Estate of A. J. McKenzie, Deceased.

Keys, Russell, Keys & Watson, Corpus Christi, Vinson, Elkins, Weems & Searls, C. E. Bryson, Ben H. Rice, III, Houston, for appellees W. Preston Pittman, Dr. McIver Furman and I. W. Keys, Independent Executors of the Estate of Clara Driscoll, Deceased.

Cleaves & Cleaves, Houston, Fischer, Wood, Burney & Nesbitt, Corpus Christi, for appellee Wyatt C. Hedrick.

**W. O. MURRAY, Chief Justice.**

This is a plea of privilege case involving Subdivision No. 5 of Art. 1995, Vernon's Ann.Civ.Stats.

In August, 1939, Mrs. Clara Driscoll, a feme sole, was desirous of building a hotel and office building upon a lot or parcel of land located 180 feet on Broadway and 100 feet on Antelope Street in the City of Corpus Christi, Nueces County, Texas. On August 18, 1939, she entered into a written contract with Wyatt C. Hedrick, an architect, to prepare plans and specifications and to perform other duties in connection with the erection of this hotel and office building.

Thereafter, on October 7, 1939, Mrs. Driscoll made and entered into a written contract with A. J. McKenzie, individually, and the McKenzie Construction Company, a corporation, to perform certain duties in connection with the construction and erection of the hotel and office building. Both the Hedrick and McKenzie contracts were amended and changed by other written agreements subsequently entered into by the parties. The building was completed and accepted by Mrs. Driscoll.

The east and north walls of the building were faced with stone. It is alleged that thereafter this stone broke and crumbled and that it was necessary to remove all of the stone and replace it with brick, at an expense of more than $200,000. After the death of Mrs. Driscoll, this suit was brought by W. Preston Pittman, Dr. McIver Furman and I. W. Keys, as Independent Executors and Trustees of the Estate of Mrs. Clara Driscoll, Deceased, against Wyatt C. Hedrick, A. J. McKenzie and McKenzie Construction Company, charging a breach of their respective contracts. Wyatt C. Hedrick filed a plea of privilege to be sued in Tarrant County, the county of his residence, and A. J. McKenzie and McKenzie Construction Company filed pleas of privilege to be sued in Bexar County, the county of their residence. Thereafter, A. J. McKenzie died

and The Alamo National Bank, as Independent Executor of the Will and Estate of A. J. McKenzie, Deceased, was made a party to the suit, and the bank filed its plea of privilege to be sued in Bexar County, the county of its residence.

After a lengthy hearing, the trial court overruled the pleas of privilege of McKenzie Construction Company and The Alamo National Bank, as Independent Executor of the Estate of A. J. McKenzie, and both of those defendants have prosecuted an appeal to this Court from that part of the order. The court sustained the plea of privilege of Wyatt C. Hedrick and ordered that part of the cause which related to him transferred to Tarrant County, from which order W. Preston Pittman and Dr. McIver Furman, as Independent Executors and Trustees of the Estate of Mrs. Clara Driscoll, Deceased, prosecuted an appeal to this Court. In the meantime, I. W. Keys had died.

These two appeals have been consolidated in this Court under Cause No. 12939.

We will first consider the appeal by McKenzie Construction Company and The Alamo National Bank, Independent Executor of the Estate of A. J. McKenzie, Deceased.

Appellees Pittman and Furman alleged that A. J. McKenzie, McKenzie Construction Company and Wyatt C. Hedrick had been guilty of fraud in inducing Mrs. Driscoll to accept and pay for the building as having been constructed in accordance with the plans and specifications, but the trial court found against the allegations of fraud and they pass out of the case so far as these appeals are concerned.

The only question presented by this appeal is whether the trial court erred in finding that A. J. McKenzie and McKenzie Construction Company had agreed in writing to undertake the obligation of erecting and constructing the hotel and office building in Nueces County, including the placing and setting of the stone on the east and north walls.

The execution of the contract is not denied, and it plainly provides that the hotel and office building is to be erected in Nueces County. The question is, Did McKenzie and his company agree to construct and erect the building?

The contract does not specifically, in so many words, state that A. J. McKenzie and McKenzie Construction Company were to erect and build the hotel and office building, but when the contract is read from its four corners it is plainly implied that they were to do so.

The contract bears the heading:

"Contract
For
Constructing The Robert Driscoll
Eighteen Story Office And Hotel
Building
For
Mrs. Clara Driscoll
Corpus Christi, Texas"

And it provides that McKenzie and his company are to be known as "Contractor." No one else is mentioned as "contractor."

Paragraph No. 1 reads as follows:

"1. *Scope Of Work:*

"This agreement shall provide for the furnishing of all labor and materials and *everything else that is necessary to construct an eighteen story office and hotel building,* located at the corner of North Broadway and Antelope Streets, in the City of Corpus Christi, Texas, including all mechanical equipment, such as plumbing, heating and electrical wiring, and air conditioning, in strict accordance with plans and specifications that have already been prepared by Wyatt C. Hedrick, Architect and Engineer of Fort Worth, Texas, and dated the 5th day of September, 1939, and any additional work required to be done, in accordance with plans and specifications to be furnished by said Wyatt C. Hedrick, Architect." (Emphasis ours.)

Paragraph No. 3 provides in part as follows:

**"3. Obligations Of The Contractor:**

"The Contractor shall exercise, for the Owner's benefit, his best knowledge and skill in planning the work, purchasing materials, furnishing labor, supplying equipment and *performing all other services incident to the work. He shall cooperate fully with the Owner and the Architect and faithfully execute the intent of this agreement."* (Emphasis ours.)

Paragraph No. 8 provides that the contractor is to receive for his services a "Service Fee" of $65,000.

Paragraph No. 11 provides that "The Contractor guarantees that the total cost to the Owner of all of the work * * * shall not exceed" the sum of $1,695,500.

Paragraph No. 12 provides for the distribution of any savings between the Owner, the Architect and the Contractor.

Paragraph No. 15 provides that on the 15th of each month the Contractor is to furnish the Owner with a progress report of the work.

Paragraph No. 16 provides that the Contractor is responsible for coordinating the work of subcontractors with his general plan of executing the work.

Paragraph No. 21 provides that the Owner has the right to terminate the contract, take charge of the site and complete the work herself.

When the parties decided to supplement the contract they included in such amending contract the following statement:

"Whereas, an Agreement was made on the 7th day of October, 1939, by and between the McKenzie Construction Company, a corporation duly organized under the laws of Texas, and A. J. McKenzie, an individual, both of Bexar County, Texas, as First Party, (and hereinafter called the Contractor), and Mrs. Clara Driscoll of Nueces County, Texas, as Second Party, (and hereinafter called the Owner),

for constructing the Robert Driscoll Eighteen-Story Office and Hotel Building at Corpus Christi, Texas;"

This statement shows how the parties construed the contract of October 7, 1939, before the present dispute arose, and shows that they regarded it as a contract to construct the hotel and office building.

For all of these reasons and perhaps others, it is quite plain that there was at least an implied agreement provided for by the contract to the effect that McKenzie and his company were to construct the office and hotel building.

This brings us to a consideration of Subdivision 5 of Article 1995, supra. It is plain from reading this subdivision that the contract must expressly provide that the obligation which is the basis of the suit is to be performed in the county of the suit, but such subdivision does not provide that the obligation must be expressly provided for in the written contract. It is sufficient if such obligation is impliedly provided for within the four corners of the contract.

This exact question was before the Supreme Court in the case of Petroleum Producers Co. v. Steffens, 139 Tex. 257, 162 S.W.2d 698, 699. The suit was for failure to drill off-set wells. There was no expressed provision requiring the appellant to drill such wells, but they were impliedly provided for in the oil lease. It was expressly provided that whatever was to be done under the lease was to be done in Jones County. The Eastland Court of Civil Appeals certified the question to the Supreme Court. 157 S.W.2d 1003. The Commission of Appeals, speaking through Judge Harvey, said:

"The terms of the lease instrument set out above—nothing to the contrary appearing in the instrument—imply an obligation on the part of the lessee to drill offset wells and development wells. [Citing authorities.] The place for performance of this implied obligation is expressly named in the lease instrument, towit, the parcel

of land in Jones County in respect to which the parties to the lease were contracting.

"We conclude that the facts show that venue, as prescribed in Subdivision 5, lies in Jones County and that the trial court correctly overruled the company's plea of privilege. There is no need for us to consider any of the other certified questions obtained in the certificate."

■ The implied obligation of McKenzie and his company to construct and erect the office and hotel building was expressly performable in Nueces County and, under the above authority, the trial court properly overruled appellants' plea of privilege to be sued in Bexar County, the county of their residence.

Appellants contend that the case of Saigh v. Monteith, 147 Tex. 341, 215 S.W. 2d 610, 613, is in conflict with the Steffens case and in effect overrules that case. We do not agree. In the Saigh case two written contracts were involved, the first dated March 14, 1944, and the second dated August 8, 1945. Under the terms of these contracts respondent's predecessor in title leased to the relator certain equipment which was used by relator in the construction of a pipe line. The suit was for the breach of some of the provisions of one or both of these contracts. It is not made clear by the opinion just what the nature of the obligation or obligations sued upon were. As to the second contract the court held that a provision in the contract that all payments were to be made to the Second National Bank of Houston, did not expressly name a particular county or a definite place therein, because Second National Bank of Houston was the corporate name of the bank and did not necessarily name the place where the bank was located.

As to the first contract the Court said:

"We have examined the first contract, being the one dated March 14, 1944, and it is very evident to our minds that venue cannot be maintained in Harris County upon it. The contract provides that payments thereunder are to be made 'to the said The National Bank of Commerce of Tulsa.' The contract in one of its provisions makes relator responsible for all equipment and provides that same is to be delivered back to second party's warehouse. The location of that warehouse is not stated. At another place it is provided that the cost of transportation to the job site or to Houston will be borne by petitioner, and that the cost of transportation to the warehouse of the second party at Houston, Texas, will be borne by relator. There is no express provision for the performance of the obligations of the contract in Houston. Only by implications and a somewhat strained construction can that obligation be read into the contract. As held above under the amendment of 1935, venue cannot be fixed by implication or doubtful constructions."

From this language, we are unable to tell what obligation the suit was based upon or what the provisions of the contract were with reference to that obligation. It would seem that the Court is saying that the contract does not provide that the obligation sued upon was performable in Harris County, or in the City of Houston, and that the place of performance must be expressed in the contract, and cannot be inferred, if Subdivision 5, Art. 1995.

This in no way conflicts with what was said in the Steffens case, which holds that the obligation may be inferred, but the place where it is to be performed must be expressed in writing. In the case at bar, if it may properly be inferred that McKenzie and his company agreed to erect and construct the office and hotel building, and we have so inferred, then there can be no doubt but that the contract expressly provides that the building was to be erected and constructed at the corner of Broadway and Antelope Streets in the City of Corpus Christi, Nueces County, Texas.

That part of the judgment appealed from by McKenzie Construction Company and The Alamo National Bank as Independent Executor is affirmed.

■ This brings us to a consideration of the appeal by W. Preston Pittman and Dr. McIver Furman, as Independent Executors and Trustees, from the order of the trial court granting the plea of privilege of Wyatt C. Hedrick.

The written contract dated August 18, 1939, between Mrs. Clara Driscoll, "owner," and Wyatt C. Hedrick, "architect," shows that Mrs. Driscoll was intending to build a hotel and office building at the corner of Broadway and Antelope Streets in the City of Corpus Christi, Nueces County, Texas, and that she was employing Hedrick, among other things, to supervise and inspect the construction of this hotel and office building. In paragraph (1) it is expressly provided that Hedrick as architect shall supervise the work. This he could do only at the site of the building, and the building is expressly stated to be in Corpus Christi, Nueces County, Texas.

Paragraph (3) of the contract reads as follows:

"Supervision Of The Work: The architect will endeavor to guard the owner against defects and deficiencies in the work of contractors, but he does not guarantee the performance of their contracts. *The supervision of an architect is to be distinguished from the continuous personal superintendence* to be obtained by the employment of an inspector by the architect.

"The Architect agrees that he will employ at his expense a competent inspector, who shall give full, complete, and adequate supervision of construction." (Emphasis supplied.)

Appellee Hedrick contends that if under other provisions of the contract he was required to personally superintend the erection of the hotel and office building, the language contained in this paragraph released him from such duty. We cannot agree. It only distinguished the continuous personal superintendence to be obtained by the employment of an inspector by the architect from that to be given by Hedrick. This clearly implies that Hedrick is to superintend the erection of the building, but it is not required to be a continuous personal superintendence.

When the parties decided to execute a supplement to the contract of August 18, 1939, they plainly stated how they construed the contract at that time, by the following statement contained in the supplemental contract, to-wit:

"Whereas on the 18th day of August, 1939, *by written agreement bearing that date,* Wyatt C. Hedrick of Fort Worth, Texas, was employed by Mrs. Clara Driscoll of Corpus Christi, Texas, *to design and supervise* the construction of a hotel and office building in Corpus Christi, Nueces County, Texas, for fees and under the conditions therein provided:" (Emphasis supplied.)

If the contract did not expressly require Hedrick to supervise the construction of the hotel and office building, it certainly did so impliedly and, in keeping with the holding in Petroleum Producers Co. v. Steffens, 139 Tex. 257, 162 S.W.2d 698, venue for a breach of the contract would lie in Nueces County. See also, Presnall v. Adams, Tex.Civ.App., 214 S.W. 357.

That part of the judgment of the trial court which granted the plea of privilege of appellee Wyatt C. Hedrick is reversed and judgment here rendered overruling such plea of privilege.

POPE, Justice.

I concur, but in my opinion the obligation of A. J. McKenzie and McKenzie Construction Company to erect the hotel and office building is expressly provided by the contract. This is so because the "con-

tractor" made an agreement not only to furnish labor and material, but contracted also "for constructing the Robert Driscoll Eighteen-Story Office and Hotel Building at Corpus Christi, Texas."