Norton BRYAN, Individually, and d/b/a
State Engine Sales, Appellant,

v.

Robert L. WILLIAMS, Appellee.

No. 14533.

Court of Civil Appeals of Texas.

San Antonio.

Nov. 16, 1966.

James N. Castleberry, Jr., John Peace, J. B. Langham, San Antonio, Irion, Cain, Cocke & Magee, Houston, for appellant.

Crites, Ellington, Peterson & Studer, Carl Raymond Crites, Thomas H. Peterson, San Antonio, for appellee.

BARROW, Justice.

This is a venue action involving Subd. 5, Art. 1995, Vernon's Ann.Civ.St. Appellee, Robert L. Williams, brought this suit in the County Court at Law No. 3 of Bexar County, to recover his damages from Norton Bryan, a resident of Harris County, for breach of warranty contained in a written invoice whereby appellee authorized appellant to exchange and install a new or rebuilt engine in appellee's 1938 Ford automobile. The trial court overruled the plea of privilege after a non-jury trial.

It is fundamental that in order to maintain venue in Bexar County under this exception appellee-plaintiff was required to establish by a preponderance of the evidence that appellant-defendant contracted in writing to perform in Bexar County the particular obligation which is the basis of the suit. McDonald, Texas Civil Practice, § 4.11.5; Rorschach v. Pitts, 151 Tex. 215, 248 S.W.2d 120 (1952); Burtis v. Butler Bros., 148 Tex. 543, 226 S.W.2d 825 (1950); Williams v. Blalack, Tex.Civ.App., 349 S. W.2d 274.

On November 30, 1965, plaintiff took his 1938 Ford automobile to the premises of State Engine Sales located in San Antonio

(it was stipulated that this is one of defendant's places of business) and contracted for defendant to install another engine in same, as well as other new parts. An invoice was filled out by defendant's employee, listing the parts to be replaced and the charge for same. This invoice was signed by plaintiff, who thereby agreed to pay for same in San Antonio and to give defendant a lien to secure the payment. The San Antonio address of defendant is printed on this form. Also printed in large letters is the warranty which is the basis of this suit, to-wit: "12,000 Miles or 90 Days Guarantee." Plaintiff testified that he delivered the car to defendant's premises in San Antonio, paid for the work there, and picked up the car there about two weeks later, upon completion of the work. He admitted, however, that he did not know if the work was performed in Bexar County.

■ Venue is not maintainable in Bexar County under this exception in that defendant did not expressly agree in writing to perform the obligation sued upon in Bexar County or at any particular place therein. The place of performance of the guarantee is not designated nor did defendant even agree to make the repairs in Bexar County. Certainly, it can be implied that the work would be performed there, however, the Supreme Court in Saigh v. Monteith, 147 Tex. 341, 215 S.W.2d 610 (1948), held that the 1935 amendment to this subdivision prohibits venue being determined by implication:

"The intention of the Legislature in adding this amendment is obvious. Under Subsection 5 as it stood at the time of the amendment one might become a party to a contract which by implication obligated him to perform in a particular county, although the contract did not expressly name the county of performance and obligate the defendant to perform therein. By amendment the language of the subdivision was made so plain as to admit of no construction that would fix venue by implication. In order to sustain venue in Harris County in this case the contract must have expressly named that county or some definite place therein where relator was obligated to perform."

Plaintiff urges that the terms of the agreement as viewed from its four corners authorized defendant to perform the repairs in San Antonio, since there was no hint in defendant's invoice that such repairs would be made elsewhere. Plaintiff cites Petroleum Producers Co. v. Steffens, 139 Tex. 257, 162 S.W.2d 698 (1942); Tyson v. Seaport Grain, Inc., Tex.Civ.App., 388 S.W.2d 731, error dism.; and McKenzie Construction Co. v. Pittman, Tex.Civ.App., 288 S.W.2d 527, error dismissed.

The rule set forth in these cases will not sustain venue in our case. These cases hold that where the place of defendant's performance is expressly named in writing, the obligation sued upon may be implied. It is seen that in each of the cited cases the contract could only be performed in the county where the suit was brought, i. e., in *Steffens,* an offset well was required to be drilled in Jones County, and in *Tyson* and *McKenzie,* a building was required to be erected in Nueces County.

In our case defendant did not agree to perform any obligation in Bexar County. The repairs to plaintiff's automobile could have been made at any of defendant's places of business, and certainly the warranty sued upon could have been performed anywhere. In fact, the most logical and satisfactory place of performance of the warranty would have been in Tennessee where the car was actually repaired.

Plaintiff failed to establish by a preponderance of the evidence that his suit is based upon an obligation contained in a written contract which defendant expressly agreed to perform in Bexar County or at a definite place therein. The trial court

**800**

therefore erred in not sustaining defendant's plea of privilege.

The judgment of the trial court is reversed and the cause remanded with instructions to transfer same to the County Court of Harris County, Texas.