**SUB–SURFACE CONSTRUCTION COMPA-NY, Inc., et al., Appellants,**

v.

**CITY OF GREY FOREST, Appellee.**

**No. 14993.**

Court of Civil Appeals of Texas,
San Antonio.

July 30, 1971.

Atwood McDonald, McDonald, Sanders, Ginsburg, Phillips, Maddox & Newkirk, Fort Worth, Morgan & Shumpert, Kaufman, for appellants.

Sims & Sims, San Antonio, for appellee.

KLINGEMAN, Justice.

A venue action. Appellants, Sub-Surface Construction Co., Inc. and B. L. Nelson & Associates, both Texas corporations, with their offices and principal places of business in Dallas County and Tarrant County, respectively, appeal from a judgment overruling their pleas of privilege.

Suit was originally brought by Santa Rosa Medical Center against the City of Grey Forest in which Santa Rosa alleged in substance that Grey Forest had caused a high pressure gas line to be constructed upon property belonging to Santa Rosa without permission, and sought damages by reason thereof. Grey Forest filed an answer and also brought a cross-action against Nelson, the engineering firm employed by Grey Forest, and Sub-Surface Const. Co., the contractor in the construction of such gas line, for damages over in the event that Santa Rosa recovered damages in the suit against Grey Forest. In its cross-action Grey Forest alleged that it had entered into a contract with Nelson whereby Nelson was to furnish engineering services for the planning and construction of a gas distribution system for Grey Forest, and a contract with Sub-Surface to build such facilities in accordance with the plans and specifications furnished by Nelson; and that if the pipe line was laid on property owned by Santa Rosa Medical Center, it was the result of negligence and carelessness on the part of both Nelson and Sub-Surface, and constituted a breach of the contractual obligations of both Nelson and Sub-Surface.

Sub-Surface and Nelson duly filed their pleas of privilege to be sued in the counties wherein their respective offices and principal places of business are situated. Grey Forest filed a controverting affidavit relying on Subdivisions 5, 9a, 23 and 29a of Article 1995, Vernon's Annotated Civil Statutes. Santa Rosa was not a party to the hearing of the pleas of privilege and is not a party to this appeal.

One of the exceptions relied upon by Grey Forest to maintain venue in Bexar County is Subdivision 5, which provides: "If a person has contracted in writing to perform an obligation in a particular county, expressly naming such county, or a definite place therein, by such writing, suit upon or by reason of such obligation may be brought against him, either in such

county or where the defendant has his domicile."

In order to maintain venue in Bexar County under this exception, appellee was required to establish by a preponderance of the evidence that appellants contracted in writing to perform in Bexar County or at a definite place therein the particular obligations which are the basis of this suit. Burtis v. Butler Bros., 148 Tex. 543, 226 S.W.2d 825 (1950); Farmers' Seed & Gin Co. v. Brooks, 125 Tex. 234, 81 S.W.2d 675 (1935); Bryan v. Williams, 408 S.W.2d 798 (Tex.Civ.App.—San Antonio 1966, no writ); Stull Chemical Co. v. Capital Southwest Corp., 408 S.W.2d 535 (Tex. Civ.App.—San Antonio 1966, no writ).

Appellants assert that appellee wholly failed to meet this burden; that the trial court's judgment is without support in the evidence; and that appellee failed to plead or prove any cause of action against appellants.

Both of the contracts here involved are in writing, and the execution of such contracts is admitted by all the parties. Nelson's contract with Grey Forest was a contract to provide engineering services for the planning, design and construction of a natural gas distribution system for the City of Grey Forest in which Nelson agreed to prepare plans and specifications for and to provide supervision of the construction of the project to assure compliance with the plans, specifications and contract documents.[1] This contract does not show on its face that the gas distribution system of the City of Grey Forest is in Bexar County. The contract between Sub-Surface and Grey Forest provides that Sub-Surface is to construct and complete a natural gas system for the City of Grey Forest in accordance with the plans and specifications prepared by Nelson.[2] It provides that the project is located within and around the city limits of the City of Grey Forest.

■  The single venue fact necessary to cast venue under Subdivision 5 is that the defendant contracted in writing to perform the alleged obligation in the county where the suit is filed, or at some definite place therein named in the writing. Proof of the existence of a cause of action is not required, nor is it necessary to prove a breach of the contract. Petroleum Producers Company v. Steffens, 139 Tex. 257, 162 S.W.2d 698 (1942); Farmers' Seed & Gin Co. v. Brooks, supra; Pitt Grill, Inc. v. Albert, 432 S.W.2d 160 (Tex.Civ.App.— Dallas 1968, no writ); Sheffield v. Kirsch-

1. The contract between Grey Forest and Nelson was introduced into evidence as an exhibit. In such contract Nelson agreed to provide a number of listed engineering services in the planning, design and construction of a natural gas distribution system for the City of Grey Forest for a fee of 5.75% of the total construction cost. In addition to these specially listed engineering services, Nelson also agreed that for certain stipulated additional fees it would provide other engineering services, including continuous field inspection and construction staking, the obtaining of any private property easements necessary to complete the project, and the procuring of property surveys to establish property lines for any reason that such property surveys may be necessary.

2. The contract between Sub-Surface and Grey Forest was also introduced into evidence as an exhibit. It is quite lengthy and includes the various contract documents. In such contract Sub-Surface contracted with Grey Forest to construct and complete a natural gas system for Grey Forest for the sum of $1,333,087.-00, in accordance with the plans and specifications, the general and special conditions of the contract, and all maps, plats, blueprints and other drawings and explanatory matters as prepared by Nelson, the engineer, all of which are made a part of the contract and collectively evidence and constitute the contract. The special conditions of the contract provide that the project is located within and around the city limits of Grey Forest. Section 13 of the general conditions of the contract provides that the contractor shall protect adjacent properties from damages.

mer, 269 S.W.2d 942, 944–945 (Tex.Civ. App.—Dallas 1954, no writ).[3]

Where the obligation of a contract is performable at a place certain, but the contract does not show on its face the location in the particular county of such place, it is permissible, in order to bring the contract within the terms of Subdivision 5, to prove by evidence extrinsic to the writing that the situs of such place is in a particular county. Burtis v. Butler Bros., supra, 226 S.W.2d at 829; Butler, Williams & Jones v. Goodrich, 288 S.W.2d 887 (Tex.Civ.App.—Galveston 1956, writ dism'd); Harrison v. Nueces Royalty Co., 163 S.W.2d 244 (Tex.Civ.App.—San Antonio 1942, writ dism'd). See also, Cities Service Oil Co. v. Brown, 119 Tex. 242, 27 S.W.2d 115 (1930); Tyson v. Seaport Grain, Inc., 388 S.W.2d 731 (Tex.Civ.App. —Corpus Christi 1965, writ dism'd).

There was testimony in the trial court, which was undisputed, that Grey Forest is in Bexar County, Texas, and that the pipe line here involved was constructed in Bexar County. A map prepared by Nelson was introduced into evidence which shows the portion of the pipe line here involved. It is designated "City of Grey Forest Gas Distribution System, Bexar County, Texas," and the City of Grey Forest is shown thereon as located in Bexar County.

It is clear from a review of the entire record that both appellants contracted in writing to perform an obligation in Bexar County, Texas, and that this suit is based on an alleged breach of same. Venue is properly maintainable in Bexar County as to both appellants under the provisions of Subdivision 5 of Article 1995, V.A.C.S. The trial court did not err in overruling appellants' pleas of privilege.

All of appellants' points of error have been considered, and all are overruled. The judgment of the trial court is affirmed.

3. "In determining venue under Article 1995, subd. 5, the written contract must be considered as a whole. Alexander & Sons v. Watt, Tex.Civ.App., 233 S.W.2d 911. 'When the plaintiff has alleged and proved execution of the contract and has introduced it in evidence, this meets the burden placed on him to establish the right to maintain the suit in the county.' 43–B Tex.Jur. 411, 412; it not being necessary to prove the cause of action alleged; Roach v. Schaefer, Tex.Civ.App., 214 S.W.2d 128; Petroleum Producers Co. v. Steffens, 139 Tex. 257, 162 S.W. 2d 698; or a breach of the contract; Farmers' Seed & Gin Co. v. Brooks, Tex. Com.App., 125 Tex. 234, 81 S.W.2d 675. The single fact necessary to be shown thereunder 'is to the effect that the defendant has contracted in wrting to perform the alleged obligation in said county * * *.' Petroleum Producers Co. v. Steffens, supra [139 Tex. 257, 162 S.W.2d 699]; 43–B Tex.Jur. p. 409."