The **ED RACHAL FOUNDATION**, Appellant,

v.

**TEXAS OIL & GAS CORP.**, Appellee.

**No. 15928.**

Court of Civil Appeals of Texas, San Antonio.

Jan. 4, 1978.

Rehearing Denied Feb. 8, 1978.

James M. Steed, Austin, for appellant.

W. S. Barron, Jr., Dallas, Jacob G. Hornberger, Laredo, for appellee.

MURRAY, Justice.

This is an appeal from a judgment of the 111th District Court of Webb County, Texas sustaining appellee's, Texas Oil & Gas Corp., plea of privilege to have this suit transferred to Dallas County, the county of appellee's residence. Appellant, The Ed Rachal Foundation, filed suit against appellee alleging that appellee had failed to develop the premises of appellant for the production of oil, gas or other minerals by drilling such wells as a reasonable prudent operator would drill. The suit seeks to recover damages for appellee's failure to develop the leased tract and also seeks to terminate the oil, gas and mineral lease covering the premises. The lease is dated October 4, 1967, and presently covers 38,856

acres of land in Webb County, and has a primary term of 10 years. Prior to the filing of the lawsuit, oil, gas or other minerals had been discovered in paying quantities on the premises. Appellee filed his plea of privilege alleging that venue was in Dallas County, the place of appellee's residence. After the hearing, the court sustained appellee's plea of privilege and ordered the suit transferred to Dallas County. In its appeal, appellant is relying only on Sub. 5 of Art. 1995, Tex.Rev.Civ.Stat.Ann. (Supp. 1977), to support his contention that venue for this suit is in Webb County, Texas.

The relevant part of Art. 1995, Sub. 5, reads as follows:

> 5. Contract in writing.—(a) Subject to the provisions of Subsection (b), if a person has contracted in writing to perform an obligation in a particular county, expressly naming such county, or a definite place therein, by such writing, suit upon or by reason of such obligation may be brought against him, either in such county or where the defendant has his domicile.

 The execution of the lease contract is not denied, and it plainly shows that the land is located in Webb County, Texas. Appellant's cause of action in this suit is based on an implied obligation arising from the written lease, whereby the appellee is required to drill such wells on the leased premises as a reasonable prudent operator would drill.

It is undisputed that Webb County is expressly named in the written lease contract as the place where the contract is to be performed. The remaining question to be decided by this Court is whether an implied obligation will support venue under Art. 1995, Sub. 5. We hold that the obligation to perform may be inferred, but the place where it is to be performed must be expressed in writing. *McCarter v. Ransom,* 473 S.W.2d 235 (Tex.Civ.App.—Corpus Christi 1971, no writ); *McKenzie Construction Co. v. Pitman,* 288 S.W.2d 527 (Tex.Civ. App.—San Antonio 1956, writ dism'd); *Petroleum Producers Co. v. Steffens,* 139 Tex. 257, 162 S.W.2d 698 (Tex.Com.App.1942).

Our Supreme Court in *Petroleum Producers Co. v. Steffens, supra,* held that an implied obligation to drill off-set wells would support venue under Sub. 5, where the lease expressly provided that whatever was to be done under the lease was to be done in a particular county.

Appellee submits that *Petroleum Producers Co. v. Steffens, supra,* has been overruled by our Supreme Court in the case of *Saigh v. Monteith,* 147 Tex. 341, 215 S.W.2d 610 (1948). We disagree. The Supreme Court in *Saigh,* held that the place where the contract is to be performed cannot be supplied by implication. This in no way conflicts with what was said in the *Steffens* case, which holds that the obligation may be inferred, but the place where it is to be performed must be expressed in writing. The judgment of the trial court is reversed and remanded to Webb County for trial on the merits.