**P. Stephen FUQUA, Appellant,**

v.

**Frank L. CUNNINGHAM et ux., Appellees.**

No. 8621.

Court of Civil Appeals of Texas, Texarkana.

Jan. 9, 1979.

Paul W. Wisdom, Jr., Dallas, for appellant.

Jim L. Hooper, Texarkana, for appellees.

RAY, Justice.

This is a venue case. Frank L. Cunningham and wife, Ruth H. Cunningham, appellees (plaintiffs), brought suit against P. Stephen Fuqua, appellant (defendant), seeking money damages for breach of contract and for injuries done to their land in Red River County. Appellant filed his plea of privilege and appellees filed their controverting affidavit asserting that the suit was properly brought in Red River County. The trial court heard the matter without a jury and entered its order overruling the plea of privilege. Appellant has perfected his appeal and submits one point of error for our consideration.

The judgment of the trial court will be affirmed.

Appellant's sole point of error is as follows:

"The trial court erred in overruling Appellant's Plea of Privilege because no exception to exclusive venue in the county of his residence has been plead or proven."

In August 1975 appellant and appellees entered into an oil, gas and mineral lease covering six tracts of land in Red River County. Attached to the lease was a typewritten addendum which stated in pertinent part the following:

"Other provisions of this lease to the contrary notwithstanding, the following provisions shall apply:

. . . . .

5. Lessee agrees that upon abandonment of any well drilled or re-entered under the terms of this agreement to restore the surface of the land to its original condition in so far as is practicable.

. . . . ."

Appellees alleged that appellant had breached his agreement because he had not restored the surface of the land to its original condition insofar as was practicable, but had left the land in a deplorable condition.

We hold that appellees are entitled to maintain venue in Red River County under Subd. 5(a) of Art. 1995, Tex.Rev.Civ.Stat. Ann. (Supp.1978). Such provision is as follows:

"5. Contract in writing.—(a) Subject to the provisions of Subsection (b), if a person has contracted in writing to perform an obligation in a particular county, expressly naming such county, or a definite place therein, by such writing, suit upon or by reason of such obligation may be brought against him, either in such county or where the defendant has his domicile."

The plain language of the oil, gas and mineral lease provides that appellant is obligated to restore the land it had leased in Red River County to its original condition insofar as practicable. The pleadings disclose that suit was brought "upon or by reason of" an obligation under an express written provision of the contract. Under these circumstances, only a single fact had to be shown in order to cast venue in Red River County where the suit was brought. That single fact was that appellant had contracted in writing to perform the alleged obligation in Red River County, the county or some definite place therein being expressly named in the lease. Proof of the existence of a cause of action was not required. *Petroleum Producers Co. v. Steffens,* 139 Tex. 257, 162 S.W.2d 698 (1942).

Appellees produced evidence establishing that Appellant Fuqua had contracted in writing to perform an obligation in Red River County. Such was enough to establish venue in the county where suit was brought.

The judgment of the trial court is affirmed.