**DOCTA, INC. et al., Appellants,**

v.

**MEDISERVE, INC., Appellee.**

No. 6232.

Court of Civil Appeals of Texas, Waco.

Oct. 16, 1980.

J. Kenneth Kopf, Bedsole & Bird, Dallas, for appellants.

Roderick S. Squires, Pakis, Cherry, Beard & Giotes, Inc., Waco, for appellee.

## OPINION

McDONALD, Chief Justice.

This is an appeal by defendants Docta, Inc., et al., from order of the trial court overruling their pleas of privilege to be sued in the counties of their residences.

Plaintiff Mediserve sued defendants in McLennan County, alleging plaintiff and defendants entered into a written agreement entitled "Contract and Bill of Sale" for the sale by defendants to plaintiff of specific assets and liabilities of a physicians' supply service; that the contract obligated defendants to indemnify plaintiff for pay-

ables of the business not assumed by plaintiff; for losses resulting from defendants' failure to list all "presold inventory"; and that defendants guaranteed collection of certain past due accounts receivable.

Plaintiff alleged entitlement to indemnity for: certain payables of the business not assumed by plaintiff; losses resulting from failure of defendants to list all "presold inventory"; and for unpaid past due accounts receivable.

Defendants filed pleas of privilege to be sued in Collin and Dallas Counties, the residences of defendants.

Plaintiff controverted such pleas of privilege alleging defendants contracted in writing to perform obligations in Waco, McLennan County, Texas; that this suit is based upon and arises from such obligations performable in Waco, McLennan County, Texas.

The trial court overruled defendants' pleas of privilege.

Defendants appeal on one point: "The District Court erred in failing to grant defendants' pleas of privilege, because plaintiff did not prove all venue facts necessary to sustain an exception to exclusive venue in defendants' county of residence".

The contract obligated defendants to indemnify plaintiff for: payables of the business not assumed by plaintiff; for losses incurred by defendants' failure to list all "presold inventory"; and for certain past due accounts.

The contract further provided in paragraph 26 * * "*this agreement is performable in Waco, McLennan County, Texas,*[1] and as such, any and all legal proceedings arising or resulting therefrom, it is agreed, are to be filed and heard before the court of proper jurisdiction of McLennan County, Texas*".

Subdivision 5, Article 1995 VATS provides: "Contract in writing.—*If a person has contracted in writing to perform an obligation in a particular county, expressly naming such county, or a definite place therein,*

*by such writing, suit upon or by reason of such obligation may be brought against him, either in such county*[1] *or where the defendant has his domicile*".

The cardinal rule to be observed in the construction of contracts is to ascertain and give effect to the real intention of the parties as that intention is revealed by the language used in the agreement. *Brown v. Palestine Ins. Co.*, 89 Tex. 590, 35 S.W. 1060.

■ The words in paragraph 26, supra, "*this agreement is performable in Waco, McLennan County, Texas*" expressly names McLennan County as the county where this contract is to be performed; and we think such language reflects that such was the intention of the parties to the contract, and further that such language reflects that it was the intention of the parties that it apply to the obligations of the contract sued on.

■ The language "*and as such all legal proceedings arising or resulting therefrom, it is agreed, are to be filed and heard before the court of proper jurisdiction of McLennan County*",[2] is surplusage, an attempt to fix venue by contract, invalid, and must be disregarded. *Fidelity Union Life Ins. Co. v. Evans*, Tex., 477 S.W.2d 535.

■ Contracts cannot be construed to fix venue in a certain county by implication. *Maynard Hill, Inc. v. Smith*, Tex.Civ.App., 534 S.W.2d 733; *Bowden v. Murphy*, Tex. Civ.App., 448 S.W.2d 183; *Saigh v. Monteith*, 147 Tex. 341, 215 S.W.2d 610.

But here as noted above, disregarding the invalid language, the contract still expressly names McLennan County as the place of its performance. *Petroleum Producers Co. v. Steffens*, 139 Tex. 257, 162 S.W.2d 698; *Ed Rachal Foundation v. Texas Oil & Gas Corp.*, Tex.Civ.App. (San Antonio) 561 S.W.2d 33; *Groce v. Gulf Oil Corp.*, CCA (Dallas) NWH, 439 S.W.2d 718.

Thus, subdivision 5, Article 1995 is here applicable and we think the trial court properly overruled defendants' pleas of privilege.

**1.** Emphasis ours.

**2.** Emphasis ours.

Defendants' point is overruled.

AFFIRMED.