## HILL v. TEXAS TRUST CO. OF AUSTIN. (No. 6393.)

(Court of Civil Appeals of Texas. Austin. Jan. 11, 1922.)

1. **Bills and notes ⬚430—Execution of new note not payment of renewed note unless so intended.**

Execution of a new note and a surrender of the former note is not the payment of the former note or of the debt evidenced thereby unless so intended.

2. **Venue ⬚22(2)—Overruling of plea of privilege held proper.**

Where defendant and another gave joint and several notes to plaintiff, a bank, and the person signing with defendant claimed to be only a surety, and gave the bank a note that it might satisfy the bank examiner, and plaintiff delivered two notes to him to enable him to sue defendant, and thereafter the notes were returned to plaintiff, which returned the new note, and plaintiff sued defendant on the notes in the county where they were payable and where the surety resided, *held* that court did not err in overruling defendant's plea of privilege to be sued in another county where he resided.

Appeal from District Court, Travis County; Geo. Calhoun, Judge.

Action by the Texas Trust Company of Austin against Hood Hill. From an adverse judgment, defendant appeals. Affirmed.

Frank Tirey and G. W. Barcus, both of Waco, for appellant.

Hart & Patterson, of Austin, for appellee.

### Findings of Fact.

JENKINS, J. On November 23, 1918, the appellant Hood Hill and Joe Gilbert gave to appellee their three joint and several promissory notes, for the respective sums of $428.50, $500, and $2,000, due 30, 60, and 90 days, respectively, after date. These notes not having been paid, Gilbert, one of the makers thereof, but who claimed to be surety for Hill, requested appellee to give him 90 days' further extension, and to deliver to him the notes, in order that he might sue Hill thereon. This appellee agreed to, pro-

vided Gilbert would pay $500 in cash and execute his promissory note, due in 90 days, for $2,500. Gilbert made the payment and executed the note as requested. Appellee indorsed the three notes above mentioned to Gilbert, who thereupon filed suit upon the same against Hood Hill, in the district court of Travis county, alleging that he (Gilbert) was surety on said notes, and had paid the same for the accommodation of Hill. To this suit Hill filed a plea of privilege, alleging that he resided in Hidalgo county, and otherwise conforming to the statute with reference to a plea of privilege. Thereupon Gilbert dismissed said suit, and on April 23, 1920, indorsed the three notes mentioned back to appellee, and received from appellee the note for $2,500, which he had theretofore executed as above stated.

Appellee instituted this suit against appellant and Gilbert to recover on said notes, alleging that they were payable in Travis county, and that defendant Gilbert resided in said county. To this latter suit, Hill also interposed a plea of privilege to be sued in Hidalgo county. Appellee filed controverting answer to said plea, alleging, in substance. that the notes were the joint and several obligations of Joe Gilbert and Hood Hill; that they were payable by their terms in Travis county, and that Gilbert resided in said county. The plea of privilege was heard by the court and overruled.

The testimony upon the hearing of this plea was sufficient to establish the following facts: The Gilbert note for $2,500 was not taken in payment for the balance due on the three notes herein sued on, but was taken in order that the trust company might have the same to satisfy the bank examiner, after having delivered the three notes to Gilbert, and that the delivery of said notes to Gilbert was simply for the purpose of enabling Gilbert to sue Hill; Gilbert not desiring to be sued, and the appellee not desiring to sue Gilbert. The account of Hill and Gilbert, showing their indebtedness to the appellee as evidenced by said notes, was never marked paid, but was carried on the books of appellee as against Hill and Gilbert. It was not the intention of Gilbert to pay said notes, nor of the appellee to accept the note of Gilbert as payment of said notes.

### Opinion.

[1] The execution of a note is not the payment of the debt for which the note is given, unless such was the intention of the parties to the transaction, but is only an evidence of such indebtedness. Also, the execution of a new note and the surrender of the former note is not the payment of the former note, or of the indebtedness evidenced thereby, unless such was the intention of the parties. McGuire v. Bidwell, 64 Tex. 45;

Johnson v. Improvement Co., 88 Tex. 509, 510; 31 S. W. 503; Otto v. Halff, 89 Tex. 390, 34 S. W. 910, 59 Am. St. Rep. 56; 21 R. C. L. 58, 70; 30 Cyc. 1194–1197.

[2] As the evidence in this case does not show that it was the intention of the parties that the execution of the note for $2,500 by Gilbert should operate as the extinguishment of the former notes, or the payment of the debt evidenced thereby, but, on the contrary, shows that such was not the intention of the parties thereto, the court did not err in overruling appellant's plea to the jurisdiction, which is the only issue involved on this appeal.

This case is distinguishable from McCavick v. McBride, 189 S. W. 795, in that in the latter case the surety paid the note in cash, and the payee accepted the same in payment of the debt evidenced by such note. Such being the case, the surety who paid the note had no cause of action thereon, but his cause of action was upon an implied promise of the party who owed the note to reimburse him for having paid the same.

Finding no error of record, judgment herein is affirmed.

Affirmed.

KEY, C. J., not sitting.

