## MAGEE v. FIRST STATE BANK OF CHILTON. (No. 751.)

Court of Civil Appeals of Texas. Waco. Feb. 7, 1929.

Rehearing Denied Feb. 28, 1929.

Higgins & Glass, of Marlin, for appellant.
Nat Llewellyn, of Marlin, for appellee.

BARCUS, J. Appellee filed this suit against W. E. Magee and G. T. Cox, alleging that said parties executed two notes, payable to it, for $430 each, dated June 7, 1924, due November 15, 1924, bearing 10 per cent. interest and providing for attorney's fees, and copied said notes in full. It further alleged that on the 7th of June, 1926, W. E. Magee executed his note for $1,220.80, due November 1, 1926, bearing 10 per cent. interest and providing for 10 per cent. attorney's fees, and copied said note in full. It alleged: That "it was agreed between plaintiff (bank) and defendant W. E. Magee that the (two) first said named notes should be combined into one note, to be signed by W. E. Magee and G. T. Cox. That said note was executed by Magee but that Cox failed to sign said note." It then alleged that all the notes were past-due and asked for judgment thereon against each of the parties, jointly and severally. It further alleged that the defendant W. E. Magee, to secure the payment of the last note described for $1,220.80, excuted his deed of trust on certain property, described. By supplemental petition appellee alleged that after the defendant Magee signed the last note, and with knowledge of the fact that defendant Cox had not signed same, he, the said Magee, made payments on said note in September, 1926, and September and October, 1927, and that he was thereby estopped from urging as a defense the fact that Cox had not signed the last note. Appellant Magee answered by general demurrer, general denial, and some special defenses. Cox made no answer. Judgment was rendered in the trial court against the defendants, jointly and severally, for the debt, and foreclosing the deed of trust lien which the defendant Magee had given. Magee alone appeals.

 Appellant, by the only assignment of error which he briefs, contends that the trial court committed error in overruling his general demurrer to appellee's petition; his contention being that the pleadings of appellee are to the effect that the note which he gave to the bank for $1,220.80 and the deed of trust securing same were not to be valid or binding upon him until and unless his codefendant, G. T. Cox, signed same, and that since said pleadings further show affirmatively that Cox did not sign it, neither the note nor deed of trust lien became a valid or binding obligation. We overrule this assignment. We do not think said construction is the proper one to be placed on the pleadings. The general demurrer went to the pleadings as a whole. Appellee bank alleged that Magee and Cox were jointly and severally liable on the two notes of $430 each, and that the new note of $1,220.80 was intended to be given as an extension and renewal of said two notes. Magee signed the extension note and gave a deed of trust to secure its payment. Under the allegations of the pleadings, appellant Magee was liable for the entire debt. There is no allegation in appellee's pleading that the note of $1,220.80 or the deed of trust securing same would not be binding or valid upon Magee unless signed by Cox. Neither does it contain any allegation that appellee was to obtain Cox's signature to the new note. In the absence of an express agreement to said effect, the acceptance by a creditor of a new note from one of the joint obligors bound for a pre-existing debt is not a payment thereof. Neither does it release the other joint obligors who did not sign the new note. Watson v. First State Bank (Tex. Com. App.) 237 S. W. 1106. Appellant, without any restrictions placed thereon, having given the new note and a deed of trust to se-

cure same, was bound thereby, although his joint obligor on the previous notes did not sign with him, but the joint obligor remained liable on the original obligation. The pleadings of appellee were that both it and appellant Magee agreed that Cox would sign the new note, but nothing is said in the pleadings about who was to get Cox to sign same or that the new note would not bind Magee if Cox did not sign. Under appellee's pleading, after appellant signed the new note, and with full knowledge on his part that Cox had not signed same, he made payments on the new note during 1926 and 1927. We think clearly, as against a general demurrer, the petition stated a cause of action. Appellant did not attempt to prove that the new note was not to be binding upon him if Cox did not sign it. The note on its face is a valid and binding obligation. Appellant does not contend that the evidence does not support the judgment.

We overrule appellant's assignment of error and affirm the judgment of the trial court.