T. S. BURTIS V. BUTLER BROTHERS.

No. A-2463. Decided February 8, 1950.
Rehearing overruled March 1, 1950.
(226 S. W., 2d Series, 825.)

■■■■■■■■■■■■■■■■■

■■■■■■■

*Kennedy & Granberry* and *C. W. Kennedy, Jr.*, all of Crockett, for appellant.

The words "all bills payable in Dallas" are not sufficient within the terms of subdivision 5, of Article 1995, to designate Dallas, Dallas County, Texas, as a place where "all bills are payable." Nichols v. Ben J. Franklin Bond & Indm. Corp., 81 S. W. (2d) 279; Heid Bros., Inc. v. Smiley, 144 S. W. (2d) 952; Pack v. Dittlinger & Dare, 136 S. W. (2d) 636.

*Coke & Coke* and *Thos. G. Murnane*, all of Dallas, for appellee.

The words "all bills payable in Dallas" in the light of the record meet the requirement of the venue statute, without resort to implication. Taylor v. Blum, 7 S. W. 829; Harris & Son v. Cook, 62 S. W. (2d) 205; Cities Service v. Brown, 119 Texas 242, 27 S. W. (2d) 115.

MR. JUSTICE GRIFFIN delivered the opinion of the Court.

This cause comes to us on certified questions from the Court of Civil Appeals at Amarillo, Texas. The facts are as follows:

Butler Bros. as plaintiff sued Burtis as defendant in the 116th Judicial District Court of Dallas County, Texas, upon an open account amounting to more than $500.00 for goods sold and delivered. Burtis filed his plea of privilege to be sued in Madison County, Texas, the place where he resides. Butler Bros. filed its controverting affidavit seeking to hold venue in Dallas County, Texas, by virtue of certain financial statements—hereinafter set out in more detail—signed by Burtis as a basis for credit, and relying on which it was alleged the goods were sold and delivered. The parties stipulated as follows:

"The parties to the above entitled and numbered cause agree that for the purpose of the hearing upon the question of venue as made herein by Defendant's plea of privilege and Plaintiff's controverting affidavit, and for no other purpose, that the following is a statement of the facts, and all of the facts, upon which said question of venue and the judgment to be rendered

thereon shall be based, the controversy as to whether said case is triable in Dallas County, Texas, or Madison County, Texas, being the sole and only issue herein concerned, shall be submitted to the trial court and upon appeal, upon such following statement of facts, and none other:

"1. Plaintiff has sold and delivered to Defendant goods, wares and merchandise of the value of more than $500.00 and within less than two years prior to the filing of Plaintiff's petition and Defendant has not paid therefor. This sale was on open account and the account was past due and demand was made for payment thereof before Plaintiff's suit was filed.

"2. Plaintiff is an Illinois corporation with a permit to do business in Texas, and as such is entitled to litigate this question in the Courts of the State of Texas; Defendant resides in Madison County, Texas; that among other offices, the Plaintiff maintains an office and place of business in Dallas, Dallas County, Texas.

"3. That heretofore and on or about December 30, 1946, Defendant T. S. Burtis executed and delivered to Plaintiff a 'Financial Statement', bearing such date, photostatic copy of which is attached hereto, and being the same as Exhibit C attached to Plaintiff's controverting affidavit to Defendant's plea of privilege; and on or about, to-wit: January 12, 1948, the Defendant T. S. Burtis executed and delivered to Plaintiff 'Financial Statement' bearing date January 12, 1948, as set forth in photostatic copy thereof attached hereto, and being the same as Exhibit B attached to Plaintiff's Controverting Affidavit to Defendant's plea of privilege.

"4. It is expressly agreed and understood that Defendant does not admit hereby that the words and figures on the reverse side of each of said Financial Statements, as follows to-wit: 'Butler Brothers, Box 2339, Credit Department, Dallas 1, Texas,' constitutes part of either of said Financial statements, and that Defendant contends such words constitute merely post office address for the purpose of mailing; on the other hand, Plaintiff contends that said quoted words constitute part of and are to be read as part of said financial statement.

"5. That there are nine Post Offices in the United States by the name of Dallas, to-wit: Dallas, Georgia; Dallas, Iowa, Dallas, North Carolina; Dallas, Oregon; Dallas, Pennsylvania; Dallas, South Dakota; Dallas, Texas; Dallas, West Virginia, and Dallas, Wisconsin; that the above listed Post Offices are listed and shown in the official Postal Guide, and were shown in the official Postal Guide for the years 1946, 1947 and 1948.

"6. That the sole questions in determining the proper venue of this action are:

"(a) Do the quoted words on the reverse side of each financial statement, as set forth in Paragraph 4 above, constitute part of such Financial Statement to be read as part thereof?

"(b) Does each such 'Financial Statement' attached hereto constitute a contract in writing upon or by reason of which this suit on open account is brought within the meaning of Section 5 of Article 1995, R. C. S. of Texas, as Amended?

"(c) Do the words 'All bills payable in Dallas' appearing just before the signature of the Defendant in such 'Financial Statement' expressly name Dallas County, Texas, or a definite place therein, within the meaning of Section 5 of Article 1995, R. C. S. of Texas, as Amended?

"(d) Do the quoted words, as set forth in paragraph 4 above, appearing on the reverse side of each financial statement, when read in connection with the words 'All bills payable in Dallas' expressly name Dallas County, Texas or a definite place therein, within the meaning of Section 5 of Article 1995, R. C. S. of Texas, as Amended?

"This stipulation is made solely for the purpose of hearing upon the question of venue and is made without prejudice to the rights of either party upon the trial of the merits of the case, and shall not constitute an admission by either party hereto to any fact upon trial on the merit."

Exhibits B and C attached to and incorporated in such stipulation contained among others, the following provisions:

"Financial Statement
"To Butler Brothers,
"For purpose of obtaining credit or extension of time on notes or open account from you we make the following true statement of our Assets and Liabilities; and agree to immediately notify you of any material change in our financial condition."

After setting out certain information in answer to questions asked, and generally being a balance sheet of Burtis' business and summary of profit and loss statement for previous year, the financial statement ended:

"Please answer all questions. Where no figures are to be inserted, write word NONE.

"The foregoing statement has been carefully read (both the printed and written matter), and is in all respects complete, accurate and truthful. It discloses to you the true state of my (our) financial condition on the 30 day of Dec. 1946. Since that time there has been no material unfavorable change in my (our) financial condition; and if any such change takes place I (we) will give you notice. Until such notice is given, you are to regard this as a continuing statement. ALL BILLS PAYABLE IN DALLAS.

"Name of Individual Firm or Corporation_____

"Signed by T. Smith Burtis

"Date of Signing Statement 12-30-46 Street___Town___State."

Exhibit B has exactly the same wording as quoted above except it is made as of 1st day of Jan. 1948, and is signed "Ben Franklin Store by T. S. Burtis" and was signed "1-12-48 at Madisonville, Texas."

Upon the stipulation entered, the Judge of the District Court overruled defendant Burtis' plea of privilege. Burtis duly appealed to the Dallas Court of Civil Appeals, and the cause was transferred to the Amarillo Court of Civil Appeals for determination. The Amarillo court wrote a tentative opinion in the cause, affirming the judgment of the trial court, and then believing their holding might conflict with our holding in Saigh v. Monteith, 147 Texas 341, 215 S. W. (2d) 610, 615, certified to us the following questions:

"1. Since Exhibit B shows on its face that it was executed in Texas, are the words 'All bills payable in Dallas' sufficient to designate Dallas as a definite place in Dallas County, Texas, and fix the venue of this suit in Dallas County, within the terms of Subdivision 5 of Article 1995?

"2. Does the address found on the reverse side of the two exhibits, i.e., 'Butler Brothers Box 2339 Dallas 1, Texas' when read in connection with the words 'All bills payable in Dallas' expressly name Dallas County, Texas, or a definite place therein, within the meaning of Subdivision 5 of the venue statute?"

■ We will dispose of the first question at this time.

"It clearly appears that the predominant purpose of our venue statutes is to give a person who has been sued the right to defend such suit in the county of his residence, except under well-defined exceptions. This rule has prevailed in this State

since the early case of Pool v. Pickett, 8 Tex. 122. This Court has also established the rule that, to deprive a defendant of the right of trial in the county of his domicile, the case filed against him must clearly come within one of the exceptions found in the statutes, and the burden rests upon the plaintiff to allege and prove that the case comes within the exception. A. H. Belo Corp. v. Blanton, 133 Texas 391, 129 S. W. 2d 619; Meredith v. McClendon, 130 Tex. 527, 111 S. W. 2d 1062; Compton v. Elliott, 126 Tex. 232, 88 S. W. 2d 91." Newlin v. Smith, 136 Texas 260, 150 S. W. 2d 233. See also City of Mineral Wells v. McDonald, 141 Texas 113, 170 S. W. 2d 466(1). Note 27 Tex. Law Rev. p. 852-3.

Art. 1995, R. C. S. 1925 as amended by Acts of 44th Leg. 1935 p. 503, ch. 213, sec. 1, reads as follows:

"5. Contract in Writing.—If a person has contracted in writing to perform an obligation in a particular county, expressly naming such county, or a definite place therein, by such writing, suit upon or by reason of such obligation may be brought against him, either in such county or where the defendant has his domicile."

The language of the statute is plain, and suit can only be brought against a defendant outside the county of his residence, when he has contracted in writing to perform an obligation "in a particular county, *expressly naming such county, or a definite place therein, by such writing.*" (Emphasis ours.) Venue may not be sustained by implication. Saigh v. Monteith, 147 Texas 341, 215 S. W. (2d) 610.

The defendant Burtis in our present cause has contracted in writing with Butler Bros. that all bills sold on credit to him shall be payable in Dallas. The suit is founded upon such writing. The stipulation sets out that Butler Bros. maintains an office and place of business in Dallas, Texas.

A financial statement has been held to be an instrument in writing. Traylor v. Blum et al. (Sup. Ct.) 7 S. W. 829. Invoices if signed by the buyer upon which goods are shipped and sold to a merchant have been held to be instruments in writing within our venue statutes. Lange v. Jones (TCA) 261 S. W. 378; Borschow v. Waples-Platter Grocer Co. (TCA) 223 S. W. 872; Berry v. Pierce Pet. Corp., 120 Texas 452, 39 S. W. (2d) 824; Brison v. Continental Oil Co. (TCA) 48 S. W. (2d) 442.

Defendant says all of those cases were decided prior to the amendment of 1935 of Art. 1995, subd. 5 of R. C. S. 1925. This is true, but the amendment did not change the law with reference to what constituted a written instrument, but required that such written instrument upon which suit is founded must be signed by defendant and contain an express agreement on part of the defendant to perform an obligation in a particular county, or a definite place in such particular county. Saigh v. Monteith, 147 Texas 341, 215 S. W. (2d) 610; Harrison v. Nueces Royalty Co. (TCA) 163 S. W. (2d) 244.

If the written instrument states a definite place where suit may be brought or the contract is to be performed, such definite place may be identified as being located within a particular county by extraneous proof. Harrison v. Nueces Royalty Co. (TCA) 163 S. W. (2d) 244.

We think the present case is controlled by the case of Traylor v. Blum et al., (Sup. Ct.) 7 S. W. 829. In that case suit was brought by Blum & Blum against Traylor in Galveston County, Texas, for goods sold and delivered. A plea of privilege was filed by Traylor to be sued in Colorado County, Texas. Judgment was rendered against Traylor and on appeal he contended, among other things, that the financial statement was not a written contract to pay for the goods in Galveston, County, Texas. The financial statement was executed and delivered by Traylor to Blum & Blum prior to the delivery of the goods for which suit was brought. The financial statement provided: "It is agreed that all purchases made from Leon & H. Blum are payable in Galveston, with interest at 8 per cent. per annum from maturity of bill, and 10 per cent. on amount unpaid for attorney fees if placed with attorney for collection."

The Supreme Court said:

"Having signed the paper, he thereby agreed that his statement as to assets and liabilities was correct, and that, if the Blums would sell him goods, he would pay for them in Galveston. This offer the Blums accepted, and sold him goods from time to time upon faith of it. There was nothing in the paper to show that Traylor was to pay in Galveston only for such goods as were delivered to him contemporaneously with the execution of the agreement. The language refers to no particular time, but covers all purchases made by him from the appellees. It is perfectly competent for a party to accept a proposal to pay him in future for such property as he may deliver, and to bind the other party to the terms of the agree-

ment. If he is induced to furnish goods to another upon a promise to make payment in a particular manner as to time, place, and the like, it would certainly be unjust to hold that after he had parted with his property upon such a promise, the vendee could claim that he was bound to comply on his part only as to some of his promises, and not as to others. This contract was an entirety; and if Traylor was bound to pay for the goods, he was bound to make the payment at the place named in the agreement. This is just such an obligation as our statute provides for, and we think it was properly sued on in the county of Galveston.

"We think, in view of the fact that the court was holding its session in the court-house of Galveston county, situated in the city of Galveston, and had before it a law requiring judicial notice to be taken that Galveston was thus located, it might well conclude that there was no necessity of proving that fact. We think the judgment correct, and it is affirmed." Traylor v. Blum et al., 7 S. W. 829.

■ This is a direct holding that the court trying the case will take judicial notice that Galveston is in Galveston County, Texas. It is still the law that a trial court such as tried this cause will take judicial notice of the subdivision of the State into counties, and also of the location of the county seats of these counties. McCormick & Ray, Texas Law of Evidence p. 173 et seq., Judicial Notice, Geographical Facts, secs. 104, 105, and authorities there cited. 17 Tex. Jur. p. 181 et seq., Evidence Civil Cases, sec. 14, and cases cited therein. Idem sec. 17 p. 185.

The stipulation shows that Burtis executed and delivered both these financial statements to Butler Bros.

Therefore, we have an instrument in writing signed by the defendant Burtis whereby he agrees to pay for all goods sold to him on credit by Butler Bros. in Dallas. The courts of Texas judicially know that Dallas is a county in Texas and also that it is a city which is the county seat of Dallas County, Texas. This is "naming a particular county, or a definite place therein" by a written instrument as is required by subdivision 5, art. 1995, Revised Civil Statutes, 1925, as amended.

The courts of Texas do not take judicial notice of places named Dallas located outside the State of Texas. McCormick and Ray, p. 175, note 5.

The provision in the stipulation that in the United States Postal Guide there are shown eight other post offices outside Texas named Dallas, in no wise affects the doctrine of judicial notice as applied to Texas courts. Judicial notice is a matter of evidence and knowledge on the part of courts which requires no formal proof.

We answer Question No. One as certified "Yes."

Our answer to Question No. One in no measure conflicts with Saigh v. Monteith, 147 Texas 341, 215 S. W. (2d) 610, but is in accord with its holding that venue to sue a person outside his residence may not arise by implication, but that the clear wording of the statute must be followed.

Such being our answer to Question No. One it is not necessary to answer Question No. 2.

Opinion delivered February 8, 1950.

Rehearing overruled March 1, 1950.