**W. H. BLACK, Sr., et al., Appellants,**

v.

**W. E. BRYANT, Appellee.**

No. 3517.

Court of Civil Appeals of Texas.

Waco.

Nov. 21, 1957.

Rehearing Denied Jan. 2, 1958.

Turpin, Kerr & Smith, Midland, for appellants.

Dodson, Reagan & Welch, Marlin, for appellee.

TIREY, Justice.

This cause (non-jury) is an appeal from an order of the County Court at Law of McLennan County overruling appellants' plea of privilege to be sued in Midland County, the county of their residence. There was no request for findings of fact and conclusions of law and none was filed.

Plaintiff's suit is one for damages grounded on breach of a written contract.

The judgment entered by the trial court is assailed on one point. It is substantially that the court erred in overruling appellants' plea of privilege because the evidence did not establish that the contract is performable in McLennan County, Texas.

A statement is necessary.

We quote the pertinent parts of the contract sued upon:

"This Agreement, entered into this 31st day of October, 1956, by and between W. H. Black, Jr., of Midland, Texas, hereinafter referred to as First Party, and W. E. Bryant of Waco, Texas, hereinafter referred to as Second Party, Witnesseth:—

That First Party shall take, on trial for five (5) days, two (2) Pointer Bird Dogs, one colored liver and white and registered as Tyson's Gold Coast, and one colored lemon and white and unnamed, belonging to Second Party;

And First Party agrees to be responsible for the care and well-being of the above described dogs, and on or before five (5) days from date hereof agrees to either return said dogs in the condition in which they were taken from the premises of Second Party on this date, or pay to Second Party the sum of Five Hundred & No/100 Dollars ($500.00) which shall be payment in full for said dogs;

Second Party agrees that upon receipt of the sum of Five Hundred & No/100 Dollars ($500.00) he will furnish registration papers on Tyson's Gold Coast and breeding papers on the second dog, to First Party, and shall relinquish all claim to ownership thereof."

Appellee went to trial on his original petition and his controverting affidavit.

As we understand his petition, it alleges substantially (after setting out the contract in haec verba) that appellee delivered the dogs to the appellants under the terms of the contract and that defendants failed to handle the dogs properly and that the dogs were not returned in the same condition they were in when they were taken from his premises as provided in the contract, and appellee sues to recover the sum of $400 for failure to return the dogs in their former condition, and he asks for further damage in the sum of $100 for expenses that he incurred in employing a professional dog trainer in order to correct the damage that had been done to the dogs. Appellants seasonably filed their plea of privilege, which was in accord with Rule 86, Texas Rules of Civil Procedure.

Appellee, in his controverting affidavit, sets out the contract between the parties and attaches his original petition to the controverting affidavit and makes it a part thereof and alleges that the venue of this suit is properly laid in McLennan County because of the express provisions of the contract, and that such provisions of said contract come within the meaning of subdivision 5 of Art. 1995, Vernon's Ann.Civ. St., as amended.

As we understand the record, evidence was tendered to the effect that after the dogs were delivered by appellee to the appellants, under the terms of the contract, that appellants kept them in their possession and used them in hunting and returned them to appellee's premises in Waco, Texas, on the sixth day after they had been delivered to them. Inasmuch as the case is here before us on the question of venue only, we think that the evidence tendered on the venue hearing is sufficient to support a prima facie case for damages against appellants.

Subdivision 5 of Art. 1995, V.A.C.S., as amended by Acts 1935, 44th Leg., p. 503, ch. 213, sec. 1, is as follows:

"5. Contract in writing.—If a person has contracted in writing to perform an obligation in a particular county, expressly naming such county, or a definite place therein, by such writing, suit upon or by reason of such obligation may be brought against him, either in such county or where the defendant has his domicile."

Much has been written on subsection 5 of the Venue Statute, but as we understand the law, the leading case is Saigh v. Monteith, 147 Tex. 341, 215 S.W.2d 610, 611, by our Supreme Court. In this opinion we find the following construction of subsection 5 aforesaid: "The intention of the Legislature in adding this amendment is obvious. Under Subsection 5 as it stood at the time of the amendment one might become a party to a contract which by implication obligated him to perform in a particular county, although the contract did not expressly name the county of performance and obligate the defendant to perform therein. By amendment the language of the subdivision was made so plain as to admit of no construction that would fix venue by implication. In order to sustain venue in Harris County in this case the contract must have expressly named that county or some definite place therein where relator was obligated to perform. This contract does not meet that test. It provides merely that the relator was to make payments to the named bank. Where such payments were to be made is not covered by the express language of the contract."

The contract in suit provides: "And First Party agrees to be responsible for the care and well-being of the above described dogs, and on or before five (5) days from date hereof agrees to either return said dogs in the condition in which they were taken from the premises of Second Party on this date, or pay to Second Party the sum of Five Hundred and No/100 Dollars ($500.00) which shall be payment in full for said dogs." We think the reading of this payment clause of the contract clearly shows that the place of payment can be arrived at only by the process of implication, and we think this view brings this cause directly within the rule and construction announced by our Supreme Court aforesaid.

Our Supreme Court wrote on this particular subdivision again in Burtis v. Butler Bros., 148 Tex. 543, 226 S.W.2d 825, 830, and held: "* * * venue to sue a person outside his residence may not arise by implication, but that the clear wording of the statute must be followed."

The Supreme Court again had occasion to consider subsection 5 aforesaid in Rorschach v. Pitts, 151 Tex. 215, 248 S.W.2d 120, 123, and there we find this pronouncement: "From this it would apparently follow that the essential obligation in suit for venue purposes is that of payment, and since no place of performance of that obligation is stated in the contract, no exception to the general rule of venue at the domicile is involved." It is obvious that the Supreme Court still adheres to the construction placed on subdivision 5 in Saigh v. Monteith aforesaid, and our Courts of Civil Appeals in many decisions have, as they should, consistently followed this holding. We do not believe it would serve any useful purpose to collate them or to discuss them.

For the reasons heretofore expressed, it is our view that the court erred in overruling appellants' plea of privilege and its judgment in so doing is reversed and rendered and the cause is ordered transferred to the County Court of Midland County, pursuant to Rule 89, T.R.C.P. All costs incurred in the County Court at Law of McLennan County and costs of appeal are taxed against appellee.