Leila May BURGESS et vir, Appellants,

v.

F. E. HILL COMPANY, Appellee.

No. 3691.

Court of Civil Appeals of Texas.

Waco.

Oct. 29, 1959.

Rehearing Denied Dec. 2, 1959.

Ernest S. Fellbaum, Houston, for appellant.

Hugh D. Reed, Jr., Fairfield, for appellee.

TIREY, Justice.

Appellants have perfected their appeal from an order overruling their plea of privilege to be sued in Tarrant County, Texas, the county of their residence. The cause was tried without the aid of a jury and there was no request for findings of fact and conclusions of law and none filed.

The judgment is assailed on three points; they are substantially to the effect that the Court erred: (1) In sustaining venue under exception 5 because the written power of attorney was insufficient to authorize the agent to execute the note for and in behalf of appellants; (2) In admitting the note in evidence because the execution by defendants or some one authorized by them was not proven; (3) The venue cannot be sustained under exception No. 4 because no proof was offered that defendant, Evans, was a resident of Freestone County.

A short statement is necessary. Pertinent to this discussion appellees in their original petition filed suit against defendants, J. C. Evans, of Freestone County, Texas, Leila May Burgess and husband, F. S. Burgess, of Tarrant County, Texas, on a note dated at Fairfield, Texas, March 8, 1956, for $11,127.50. The note provided in part:

"October 15, 1956 after date, for value received, I, we, or either of us, jointly and severally, as principals, promise to pay to the order of F. E. Hill Co. at their office in Fairfield, Texas, Eleven thousand one hundred twenty seven and 5/100 Dollars, with interest at the rate of 10 per cent per annum from Date until paid and 10 per cent additional on amount of principal and interest unpaid for attorney's fees if placed in the hands of an attorney for collection."

The note was signed: "J. C. Evans, Individually and as agent and attorney in Fact for Leila May Burgess and F. S. Burgess." The appellants seasonably filed their plea of privilege and the appellees seasonably filed their controverting affidavit in which they averred that they had venue in Freestone County because such note provided that it was payable at the office of F. E. Hill Company, in Fairfield, Texas, which is a place in Freestone County, Texas, and that by reason of the provision set out in said note the venue of this suit is properly lodged in Freestone County, Texas, under and within the meaning of Subdivision 5 of Article 1995, Revised Civil Statutes of Texas, Vernon's Ann.Civ. St. art. 1995. Appellees made their original petition a part of their controverting affidavit. On the trial appellees tendered in evidence the note sued on, and a certified copy of the power of attorney executed and acknowledged by appellees. We quote the pertinent part of the power of attorney:

"Know all men by these presents, that we Leila M. Burgess and Husband F. S. Burgess of the State of Texas, County of Tarrant, have made, constituted and appointed and by these presents do make, constitute and appoint J. C. Evans of Fairfield their true and lawful attorney for us and in our name, place and stead to borrow money and to make, sign, execute, acknowledge and deliver to and for the benefit of the lendors and lenders of such money a chattel mortgage or mortgages on any and all cattle or other livestock or such cattle or livestocks increase which are located on our farm near Butler, giving and granting to my said attorney full power and authority to do and perform all and every act and thing whatsoever requisite and necessary to be done in and about the premises, as fully, to all intents and purposes as I might or could do if personally present, that this power of attorney may be voluntarily revoked alone by revocation entered of record in the office of the County Clerk of Freestone County, Texas.

"In witness whereof we have hereunto set our hands this 15th day of May, 1952."

One of the appellees testified to the effect that there was a balance due and owing on the note of $9,223.76, and that appellees were the owners and holders of the note. Appellees placed both Mr. and Mrs. Burgess on the witness stand and Mr. Burgess testified to the effect that that was his signature on the power of attorney, and Mrs. Burgess testified to the effect that the signature shown on the power of attorney was hers. Mrs. Burgess testified in part:

"Q. At the time you executed this power of attorney, Mrs. Burgess, it was executed for the purpose of helping your father to secure a loan, was it not? A. It was.

"Q. And you knew at that time you would be bound on the note he executed? A. I knew.

"Q. As if you signed it yourself? A. I knew I was letting him have my cattle to use as security.

"Q. And your name signed to the note? A. My name is signed to the power of attorney.

"Q. But that is what the power of attorney said, you would be liable on the note he signed under that power of attorney. A. That's right.

"Q. Did you ever revoke that power of attorney? A. I never did."

The sole question before us here is: Did the trial court err in holding that it had venue of this cause under the provisions of subdivision 5 of Article 1995 as amended in the year 1935? We think the answer is NO. Our Supreme Court had occasion to consider subdivision 5 aforesaid as amended in Petroleum Producers Co. v. Steffens, 139 Tex. 257, 162 S.W.2d 698, 699 (Com. of App. opinion adopted):

"It is quite clear from the language used in this subdivision that, aside from the fact that the pleadings in the suit disclose that the suit is 'upon or by reason of' an obligation of some sort—either written or unwritten, express or implied—there is but a single fact which need be shown in order to cast venue in the county where the suit is brought. This single fact is to the effect that the defendant has contracted in writing to perform the alleged obligation in said county—the county or some definite place therein being expressly named in the writing. Proof of the existence of a cause of action is not required now, and was not required before the subdivision was amended in 1935. Farmers' Seed & Gin Co. v. Brooks, 125 Tex. 234, 81 S.W.2d 675; Bradley v. Trinity State Bank, 118 Tex. 274, 14 S.W.2d 810."

Our Supreme Court had occasion to consider again the foregoing subdivision in Saigh v. Monteith, 147 Tex. 341, 215 S.W.2d 610, and Rorschach v. Pitts, 151 Tex. 215, 248 S.W.2d 120, and as we understand these decisions they have not changed the Rule stated in Petroleum Producers Co. v. Steffens, supra. See also Wood Motor Co. v. Hawkins, Tex.Civ.App., 226 S.W.2d 487, points 2 and 3; Black v. Bryant, Tex.Civ.App., 308 S.W.2d 231 (W. Dism.).

Appellants, in their brief and in oral argument before us, concede that the express power to borrow money carries with it the implied authority to execute a note, but contend that such authority is here limited to a note executed for money borrowed in connection with mortgages on cattle and to sums so secured.

We do not consider the power to be so restricted. It is illogical that appellants would require imposition on themselves of a mortgage not desired by the lender as a prerequisite to the borrowing of money. It comports more with reason to interpret the document as conferring distinct and separable powers: first, to borrow money; and second, if required, to execute a mortgage for the lender's benefit. This is the construction the trial court apparently applied and we think he was correct.

■ Since Fairfield is the County seat of Freestone County, it is the duty of this Court to take judicial knowledge of such fact, and it judicially knows that Fairfield is in Freestone County, and that by virtue of the provisions of the note it is payable at a place certain in Freestone County. See Brooks Supply Co. v. First National Bank in Glen Rose, Tex.Civ.App., 242 S.W.2d 956 (NWH) point 1. It is true that appellees did not allege in their controverting affidavit that the Court had venue of this cause by virtue of subdivision 4, of Article 1995 aforesaid, nor did they tender any proof that J. C. Evans was a resident of Freestone County, and for these reasons venue cannot be sustained under that subdivision; however, the Court is of the view that the evidence is ample to sustain venue in Freestone County under

subdivision 5 of Article 1995 aforesaid, and accordingly, the judgment of the Trial Court is affirmed. Appellants' points 1 and 2 are overruled. Appellants' point 3 is sustained.

Accordingly, the judgment of the trial court is affirmed.