REPUBLIC ACCEPTANCE CORPORATION, Appellant,

v.

Billy W. NICHOLS, Appellee.

No. 4217.

Court of Civil Appeals of Texas.

Waco.

March 26, 1964.

Rehearing Denied April 16, 1964.

WILSON, Justice.

The trial court sustained appellee's plea of privilege in appellant's suit against him on a promissory note. The plea of privilege contained a plea of non est factum verified as required by Rules 86 and 93(h), Texas Rules of Civil Procedure. Appellant's unverified controverting plea asserted venue in the county of suit under Subd. 5, Art. 1995, Vernon's Ann.Tex.St., and alleged defendant had made two payments on the note in that county.

Appellant says that the court should have found that even if appellee did not execute the note, he ratified it by making the payments. The verified plea of non est factum placed in issue the execution of the note, on which issue appellant had the burden of proof. See Ladner v. Reliance Corp., 156 Tex. 158, 293 S.W.2d 758. The order on the plea reflects evidence was offered, which the court considered. There is no statement of facts. We must presume appellant failed to discharge its burden. Mays v. Pierce, 154 Tex. 487, 281 S.W.2d 79, 82.

After the judgment sustaining the plea of privilege was rendered, appellant filed and apparently served a request for admissions under Rule 169. Upon appellee's motion the trial court entered an order, the effect of which was that "plaintiff's requests for admissions should be stayed", and defendant not be required to answer or respond to the requests "insofar as his plea of privilege is concerned." Appellant asks reversal on the ground the court had no power to act on the motion or stay the admission process after the plea of privilege was sustained. If the correctness of this contention be conceded, it does not require reversal of the plea of privilege order because (a) the stay order was restricted to the plea of privilege which had already been determined, and the matter had become moot as to the venue issue; and (b) the order was interlocutory and not appealable as to the merits of the case.

Affirmed.

Leonard L. Franklin, Austin, for appellant.

A. R. Archer, Jr., Monahans, for appellee.