**Curtis Nell GEORGE, Appellant,**

v.

**J. E. (Ted) BURD, dba Burd's Superette Market, Appellee.**

**No. 4240.**

Court of Civil Appeals of Texas.

Waco.

June 4, 1964.

Lyne, Blanchette, Smith & Shelton, Dallas, for appellant.

Anderson & Anderson, Cleburne, for appellee.

TIREY, Justice.

Mrs. Curtis Nell George has appealed from an order overruling her plea of privilege to be sued in Dallas County, the County of her residence. Plaintiff brought the action to recover on a promissory note secured by specific items of personal property, such note being payable to the City National Bank of Cleburne, at Cleburne, Texas, dated March 10, 1962, such note being in the amount of $1,181.70. (This is an explanatory statement. It is true that plaintiff sued on a note which he alleged was payable to him, but tendered in evidence a note payable to the City National Bank of Cleburne at Cleburne, Texas. There is no allegation in his pleading explaining as to how he acquired the ownership of this note. On trial he testified to the effect that the note was just a form note of the bank that he used, and that at times he would endorse the notes and give them to the bank and that it would carry them for him. However, he testified further that the note was given to him at the time it was executed and delivered, and that it had always been in his possession, and that he was the owner of the note and mortgage securing it, and that the bank had no interest therein. We realize that the foregoing explanation has no effect on the plea of privilege, and we have made it only for the purpose of clarity). The note was

executed by A. E. Bruner, now deceased, and delivered by him to J. E. Burd. Plaintiff alleged that Bruner, prior to his death, transferred to Mrs. George, his sister, a certain group life insurance policy on his life in the amount of $4,000.00, with instructions that she pay said note from the proceeds of the policy. Mrs. George filed her plea of privilege and asserted that under the allegations no exception existed whereby plaintiff was authorized to bring the suit against her in Johnson County, and she asked that her plea of privilege be sustained and the cause transferred to the county of her residence. Plaintiff filed his controverting affidavit in which he alleged that venue of the suit was properly laid in Johnson County under the provisions of Section 5, of Article 1995, Vernon's Ann.Tex.St. The court, after hearing the plea of privilege without the aid of a jury, overruled the plea of privilege and defendant perfected her appeal to this court. There was no request for findings of fact and conclusions of law, and none filed.

The judgment is assailed on two points. They are substantially to the effect: (1) That the court erred in overruling the plea of privilege because Mrs. George did not execute the promissory note upon which plaintiff's suit is based and, therefore, she did not contract in writing to pay the note in Johnson County as required by Section 5, aforesaid. (2) Because there is no evidence that Mrs. George had contracted in writing to perform any obligation in Johnson County, Texas, and, therefore, Section 5, aforesaid, has no application. We sustain each of these contentions for reasons which we shall hereinafter briefly state.

Section 5, of Art. 1995, V.A.T.S., provides:

"5.   Contract in writing.—If a person has contracted in writing to perform an obligation in a particular county, expressly naming such county, or a definite place therein, by such writing, suit upon or by

reason of such obligation may be brought against him, either in such county or where the defendant has his domicile." As amended Art. 1995, 44th Leg., p. 503, ch. 213, Sec. 1.

The foregoing exception has been passed upon by our Supreme Court many times. In Burtis v. Butler Bros., 148 Tex. 543, 226 S.W.2d 825, we find the following statement:

"It clearly appears that the predominant purpose of our venue statutes is to give a person who has been sued the right to defend such suit in the county of his residence, except under well-defined exceptions. This rule has prevailed in this State since the early case of Pool v. Pickett, 8 Tex. 122. This Court has also established the rule that, to deprive a defendant of the right of trial in the county of his domicile, the case filed against him must clearly come within one of the exceptions found in the statutes, and the burden rests upon the plaintiff to allege and prove that the case comes within the exception." See points (1, 2.)

It is obvious that plaintiff's pleading does not bring him within the provisions of exception 5 under the foregoing pronouncement of our Supreme Court. There is neither allegation nor proof that Mrs. George executed the note, nor is there any allegation or proof that she executed any instrument in writing wherein she obligated herself to pay this note in Johnson County, Texas, or otherwise. In Stockyards Nat. Bank v. Maples, 127 Tex. 633, 95 S.W.2d 1300, we find this statement:

"In Compton v. Elliott, 126 Tex. 232, 88 S.W.2d 91, it is held that the venue facts, which a plaintiff desiring to sue a defendant outside the county of his domicile must allege and prove, if the defendant asserts his privilege, are those stated in the particular exception that is applicable or appropriate to the

character of suit alleged in the plaintiff's petition."

Our Supreme Court has never departed from the application of the foregoing rule to Sec. 5, aforesaid. Since plaintiff failed by allegation and proof to bring his cause of action within the foregoing provisions of Sec. 5, it is obvious that he cannot maintain his asserted cause of action against Mrs. George in Johnson County, Texas.

Accordingly, the order entered by the District Court of Johnson County overruling the plea of privilege is hereby set aside and held for naught, and the cause is hereby transferred to one of the District Courts of Dallas County, Dallas, Texas, and the costs incurred prior to the time the papers in this cause are filed with the District Clerk of Dallas County, Texas, are taxed against plaintiff. The Clerk of the District Court of Johnson County is directed to make a transcript of all the orders in this cause and certify thereto officially under the seal of the court and send together with all the original papers to the District Clerk of Dallas County, at Dallas, Texas. As per rule 89, Texas Rules of Civil Procedure.