REPUBLIC ACCEPTANCE CORPORA- TION, Appellant,

v.

Robert R. THOMPSON, Jr., Appellee.

No. 11246.

Court of Civil Appeals of Texas.

Austin.

Nov. 25, 1964.

Rehearing Denied Dec. 16, 1964.

Leonard L. Franklin, Isaac D. White, Austin, for appellant.

Mauzy & Mauzy, Houston, for appellee.

HUGHES, Justice.

The note upon which this suit was based, copy of which is attached to plaintiff's petition, is dated, "Houston, Texas, November 28, 1962," and is payable "In Austin."

The Supreme Court in Burtis v. Butler Bros., 148 Tex. 543, 226 S.W.2d 825, answered the following certified question in the affirmative:

"Since Exhibit B shows on its face that it was executed in Texas, are the words 'All bills payable in Dallas' sufficient to designate Dallas as a definite place in Dallas County, Texas, and fix the venue of this suit in Dallas County, within the terms of Subdivision 5 of Article 1995?"

In its opinion the Court stated:

"Therefore, we have an instrument in writing signed by the defendant Burtis whereby he agrees to pay for all goods sold to him on credit by Butler Bros. in Dallas. The courts of Texas judicially know that Dallas is a county in Texas and also that it is a city which is the county seat of Dallas County, Texas. This is 'naming a particular county, or a definite place therein' by a written instrument as is required by subdivision 5, art. 1995, Revised Civil Statutes 1925, as amended."

Under this authority it is our opinion that venue of this suit, as disclosed by the note, is in Travis County, Austin being the County seat of such County, a fact which we judicially know.

There is no statement of facts, but in our opinion none is required in order to show error in the ruling of the trial court.

Rule 93, Texas Rules Civil Procedure (H) requires denial under oath of the execution of any instrument in writing upon which a pleading is founded, if execution is to be denied, the penalty of failing to so deny being that "the instrument shall be received in evidence as fully proved."

The execution of the note here declared upon was not denied under oath, the filing of a formal plea of privilege not being sufficient for this purpose. Venue, Sec. 146, 59 Tex.Jur.2d and cases there cited.

It is also firmly established that where venue facts can only be put in issue by verified pleading and defendant does not interpose such plea, plaintiff is not required to prove such facts; they are taken as admitted. Ladner v. Reliance Corp., 156 Tex. 158, 293 S.W.2d 758.

For further statement of the nature and result of this case reference is made to the dissenting opinion of Chief Justice Archer.

We reverse the order sustaining appellee's plea of privilege and render judgment overruling it.

Reversed and rendered, overruling plea of privilege.

ARCHER, Chief Justice (dissenting).

This is an appeal from a judgment of the District Court sustaining appellee's plea of privilege.

The suit was filed by appellant on a promissory note for $993.15 dated November 28, 1962, executed by appellee and payable in monthly installments beginning January 5, 1963 and "payable to the order of Family Freeze Dallas, Ft. Worth, Inc. in Austin."

Plaintiff alleged that defendant had made only six payments on the note and that it had exercised its option to mature all installments then unpaid and sought judgment for $827.67 with ten per cent interest from July 5, 1963, for costs and for fifteen per cent additional as attorney's fees.

Defendant filed a plea of privilege to be sued in Harris County, Texas, his legal residence, alleging that no exception to exclusive venue in the County of his residence exists, and prayed that the cause be transferred to the District Court of Harris County, Texas, and subject to the plea, filed a general denial.

Plaintiff filed a controverting plea on the grounds "that pursuant to the provisions of Subdivision 5 of Article 1995 (Vernon's Ann.Civ.St.), defendant herein has contracted in writing to perform his obligation in a definite place in a particular county, namely Austin in Travis County. In addition, defendant has made six payments on such obligation in such county."

A hearing was had and defendant's plea of privilege was sustained and the suit ordered transferred to the District Court of Harris County, Texas, on April 14, 1964, to which plaintiff duly excepted and gave notice of appeal.

The appeal is founded on two points of error, and are that the court erred in sustaining the plea because plaintiff was entitled to sue in Travis County by virtue of Subdivision 5, Article 1995, V.A.C.S. and because the parties had by their actions demonstrated that the place of payment specified in the contract was a definite place in a particular county.

There is no allegation in the petition that the payments were made in Travis County, Texas, or proof of such.

The note is payable: "* * * I, we, or either of us promise to pay to the order of Family Freeze Dallas, Ft. Worth, Inc. in Austin the sum of * * *"

I do not believe that on its face the note is definite as to where payment was to be made and venue cannot be fixed by implication. Burrus Mills, Inc. v. Hein, Tex. Civ.App., 378 S.W.2d 85, dism.

Exceptions to Article 1995 are strictly construed and in order to deprive the maker of a note of the right to be sued in the county of his domicile the place of payment must be expressly written into the note. Tatum v. Home Improvement Loan Co., Tex.Civ.App., 300 S.W.2d 215.

There is no statement of facts on file in this case and in the absence of such it is presumed that such facts as were introduced were necessary to support the judgment and that appellant failed to discharge its burden. Republic Acceptance Corp. v. Nichols, Tex. Civ.App., 377 S.W.2d 775, err. dism.

The foregoing was written as the opinion of the Court but was not acceptable by the Associate Justices who have expressed their views in an opinion which becomes the judgment of this Court, and I respectfully dissent, and my views are as in my opinion and with the additional statement that in no place in the record is there a showing that the note was payable *in Texas*.

It is my opinion that the judgment of the trial court should be affirmed.