**Melvin McCOY, Appellant,**

v.

**FIRST STATE BANK, MORTON, Texas,**
**Appellee.**

**No. 7778.**

Court of Civil Appeals of Texas.

Amarillo.

Jan. 29, 1968.

Warren G. Tabor, Levelland, for appellant.

James K. Walker, Morton, for appellee.

CHAPMAN, Justice.

This is a venue case.

Suit was filed by the First State Bank of Morton, Texas, upon a promissory note in the original amount of $41,185.62 alleged to have been executed and delivered to it by defendants, John Purdy, Sr., John Purdy, Jr. and Melvin McCoy on January 19, 1965. A copy of the note was attached as Exhibit "A" and made a part of the petition. It is also alleged in the petition that the described note was secured by a deed of trust of even date, a copy of which was also attached thereto and made a part thereof. All three defendants signed the note as makers and signed the deed of trust securing the same.

Subsequently, the Purdys alone signed a renewal note in the amount of $44,235.33 alleged to be a renewal of both the principal and interest of the original note. To secure the renewal of the latter note the Purdys executed a deed of trust giving additional security.

By its First Point appellant contends the petition does not contain any allegations of venue in Cochran County. We do not agree. A copy of the original note is attached as Exhibit "A" and made a part of the petition as if copied therein in full.

The controverting affidavit to the plea of privilege alleges Exception 5 under Art. 1995, Vernon's Ann.Tex.Civ.St. as appellee's right to maintain venue in Cochran County. That exception provides: "If a person has contracted in writing to perform an obligation in a particular county, expressly naming such county, or a definite place therein, by such writing, suit upon or by reason of such obligation may be brought against him * * * in such county."

■ The first above described note, as well as the renewal note, shows to be payable in Morton, Texas. That city is in our supreme judicial district. We may take judicial knowledge that Morton, Texas is in Cochran County, Texas. Burgess v.

F. E. Hill Co., 329 S.W.2d 354 (Tex.Civ. App.—Waco, 1959, writ dism'd); Yanta v. Davenport, 323 S.W.2d 636 (Tex.Civ. App.—San Antonio, 1959, writ dism'd); Tyson v. Seaport Grain, Inc., 388 S.W.2d 731 (Tex.Civ.App.—Corpus Christi, 1965, writ dism'd). "This is 'naming a particular county, or a definite place therein' by a written instrument as is required by subdivision 5, art. 1995, Revised Civil Statutes 1925, as amended." Burtis v. Butler Bros., 148 Tex. 543, 226 S.W.2d 825; Renaud v. Simmons, 254 S.W.2d 418 (Tex.Civ.App.— El Paso, 1925, mand. overruled).

■ The Supreme Court of Texas in construing Sec. 5 of Art. 1995 in Petroleum Producers Co. v. Steffens, 139 Tex. 257, 162 S.W.2d 698 (Comm. of App., Sec. B, 1942, opinion adopted), has held that: " * * * aside from the fact that the pleadings in the suit disclose that the suit is 'upon or by reason of' an obligation of some sort—either written or unwritten, express or implied—there is but a single fact which need be shown in order to cast venue in the county where the suit is brought. This single fact is to the effect that the defendant has contracted in writing to perform the alleged obligation in said county—the county or some definite place therein being expressly named in the writing." The petition here, a part of which is the original note, shows the suit is upon an obligation in writing signed by appellant, by which he and the other makers of the note contracted in writing to perform the alleged obligation in the county of suit, a definite place therein being named in the writing. The definite place named in the writing was Morton, Texas. Therefore, the petition does allege facts showing " * * * the suit is 'upon or by reason of' an obligation of some sort."

■ "Proof of the existence of a cause of action is not required now, and was not required before the subdivision was amended in 1935. Farmers' Seed & Gin Co. v. Brooks, 125 Tex. 234, 81 S.W.2d 675;

Bradley v. Trinity State Bank, 118 Tex. 274, 14 S.W.2d 810." In fact, the cases are myriad which hold that in order to sustain venue in the county where suit is brought against a non-resident under Subdivision 5 of Art. 1995, V.T.C.S. it is not necessary for a plaintiff to establish his cause of action against the defendant therein. This remains for a trial on the merits. Rudman v. Hawkins, 226 S.W.2d 491 (Tex. Civ.App.—Eastland, 1950, no writ); Knight v. Puett, 277 S.W.2d 172 (Tex.Civ. App.—Austin, 1955, no writ); Arnold v. Wheeler, 304 S.W.2d 368 (Tex.Civ.App.— San Antonio, 1957, n. r. e.); Burgess v. F. E. Hill Co., 329 S.W.2d 354 (Tex.Civ. App.—Waco, 1959, writ dism'd); Smith v. Crockett Production Credit Association, 372 S.W.2d 954 (Tex.Civ.App.—Houston, 1963, no writ). However, where a petition alleged defendants "made and delivered to petitioner 'the note hereto attached as a part hereof, marked A; and the note contains the usual promise to pay, for a valuable consideration'" the allegations were sufficient to state a cause of action, especially where the note was attached and made a part of the petition. Fennell v. Morrison, 37 Tex. 156.

The Second Point asserts error of the court in attempting " * * * to raise, for the first time, venue facts in its controverting affidavit". Since we have already held that venue facts were raised in the petition and its exhibits we would only repeat by writing on that point.

■ By its Third Point appellant contends the trial court committed reversible error in overruling his plea of privilege for the reason that the note upon which appellee's cause of action was predicated was not executed by McCoy. This raises a point of defense on its merits and is not a proper matter to be considered on a venue hearing. Our Supreme Court has held that the validity of the obligation evidenced by a promissory note payable in Trinity, Texas signed by the party seeking a privilege to be sued in her home county, Harris, under

Subdivision 5 of Art. 1995 is a matter which goes only to the merits and has no place in determining venue. Bradley v. Trinity State Bank, 118 Tex. 274, 14 S.W. 2d 810 (Tex.Comm'n App., Sec. 3, 1929, opinion adopted).

In Thomason et al. v. Haskell National Bank, 56 S.W.2d 242 (Tex.Civ.App.—Amarillo, 1938), Thomasons sought to change venue to their domiciliary county from the county of Haskell, where the note sued upon was payable. Mr. Thomason alleged he was an accommodation maker and the note was extended without his knowledge. Our Court held that the question of release of Thomason by an extension of the note without any consideration moving to him was a matter affecting the validity of the contract sued upon and could not enter into the trial of the issues presented by the plea of privilege.

In Perkins v. Super-Cold Southwest Co., 241 S.W.2d 311 (Tex.Civ.App.—Dallas, 1951, writ dism'd), the Dallas Court said: "It [the note] was payable in Dallas County. The proof that it was superseded by another note and contract was defensive matter. Defensive matter has no proper place in a venue hearing." In any event our Supreme Court has held: "It is * * * [a] well-known principle of the law that, in the absence of an express agreement to the contrary by the creditor, the acceptance of the note by one or more joint obligors bound for a pre-existing debt is not a payment thereof, and does not release other joint obligors who did not sign the note." Frost et al. v. First State Bank & Trust Co. of Mineral Wells, 276 S.W. 222 (Tex. Comm'n App., Sec. B, 1925, opinion adopted). See also Hill v. Texas Trust Co. of Austin, 236 S.W. 767 (Tex.Civ.App.—Austin, 1922, no writ); Magee v. First State Bank of Chilton, 13 S.W.2d 947 (Tex.Civ. App.—Waco, 1929, no writ).

■ Our Supreme Court has said: " * * in the absence of evidence showing that the parties intended to extinguish the original indebtedness by the execution of renewal

notes, it will remain in full force and effect." Chapman et al. v. Crichet, 127 Tex. 590, 95 S.W.2d 360, 96 S.W.2d 64. In our case the oral testimony shows the direct opposite. Such testimony also shows the execution of the original note upon which appellant was a maker and the deed of trust securing its payment. The note, deed of trust and original petition were introduced into evidence and are in the records as exhibits.

The Supreme Court in the Crichet case also held: "The extension of the maturity of the notes while Crichet was primarily bound, even if made without his consent, would not release him," citing Rowe v. Massey, 54 S.W.2d 1094, 1097 (Tex.Civ. App.—Dallas, 1932, writ refused).

Accordingly, we hold the trial court correctly refused the application for change of venue. The judgment of the trial court is affirmed.