**STRAIN BROTHERS, INC., Appellant,**

v.

**Mark W. PERRIN, et al., Appellees.**

**No. 7004.**

Court of Civil Appeals of Texas, El Paso.

Dec. 31, 1980.

Rehearing Denied Feb. 4, 1981.

Smith, Davis, Rose, Finley & Hofmann, Richard W. Davis, Charles J. Wittenburg, San Angelo, for appellant.

Edwards & Perry, William R. Edwards, David L. Perry, Russell H. McMains, Corpus Christi, Mathis & Bevil, John E. Bevil, San Antonio, Brock, Bingham & Person, Roy C. Brock, Fred R. Jones, John W. Weber, Jr., San Antonio, Cotton, Bledsoe, Tighe & Dawson, Charles Tighe, Midland, Kenneth L. Clark, San Antonio, Griffis & Griffis, San Angelo, for appellees.

OPINION

STEPHEN F. PRESLAR, Chief Justice.

This appeal is from an order overruling the plea of privilege of Appellant, Strain

Brothers, one of the defendants in a multi-party suit. It presents questions of the sufficiency of the evidence to support presumed findings under subdivisions 9a and 29a of Article 1995, Tex.Rev.Civ.Stat.Ann. We reverse the judgment of the trial Court.

This suit arises out of a collision between two moving vans in Crockett County, Texas. Both drivers were killed. Separate suits were filed in Crockett County on behalf of each driver and resulted in a cross-action by Atlas Van Lines, owner of one of the vans. The two suits were consolidated and this appeal is from the consolidated suits. Some forty days prior to the accident, Appellant, Strain Brothers, under contract with the Texas Highway Department, performed resurfacing work on that portion of the highway where the accident occurred. Both the State and Strain Brothers were made party defendants and, on trial of the plea of privilege, evidence was offered that portions of the highway which had been resurfaced, including that where the accident occurred, were slick during wet weather, and that such portions of the highway where the accident occurred were substantially more slick after the highway was resurfaced by the seal coat operation. The Department of Public Safety officer, who investigated the accident and who patrolled the highway regularly, testified that it was "slipperier" after the seal coating was applied; that he would work traffic on the road in rainy weather prior to the seal coat job but not after, and that he avoided that stretch of road when it was wet.

To sustain venue in Crockett County, the county of suit, subsections 9a and 29a of Article 1995 are relied on. We will discuss the negligence and causation elements common to both as we are of the opinion that venue is not sustained for lack of proof as to causation.

■ Findings of fact and conclusions of law are not mandatory in venue hearings, and none were filed in this case. The rules for review in a case of this nature are stated by the Supreme Court in *Carter v. William Sommerville and Son, Inc.*, 584 S.W.2d 274 (Tex.1979):

On appeal from an order overruling a plea of privilege, every reasonable intendment must be resolved in favor of the trial court judgment. *James v. Drye*, 159 Tex. 321, 320 S.W.2d 319 (1959). Further, when no findings of fact and conclusions of law are filed, the trial court judgment implies all necessary fact-findings in support of its judgment. In reviewing the record to determine if there is any evidence supporting the judgment and its implied findings, it is proper to consider only the evidence favorable to the issue and to disregard all evidence or inferences to the contrary. *Goodyear Tire & Rubber Co. v. Jefferson Const.*, 565 S.W.2d 916 (Tex.1978).

Professor McDonald states the requirements of 29a:

Before exception 29a can apply, four conditions must exist: the action must be against two or more defendants; all of them must reside outside the county of suit; venue must be proper as against at least one of the defendants under some exception to the general venue rule; and the defendant urging his privilege must be a necessary party to the claim against the defendant as to whom venue is proper.

1 McDonald, Texas Civil Practice *Venue* sec. 4.36 at 544 (1965 rev).

■ Conditions numbers one and two exist here. Condition number three is met if the venue is proper against the State of Texas under an exception to the general venue rule. The liability of the State under the Texas Tort Claims Act was pled in this case (Tex.Rev.Civ.Stat.Ann. art. 6252–19). The trial Court could have found that the extremely slippery condition of the roadway at the site of the accident was a premise defect. The evidence would support such a finding. The State was on notice of the condition, for another accident had occurred four days prior to this one on the resurfaced area within one-tenth of a mile of this one. In fact, the State has recognized the defect and, the day before this accident, it erected warning signs, equipped with flashing lights and saying either "slippery when

wet" or "slick when wet." Section 3 of Article 6252–19 makes the State liable for "some condition or some use of tangible property, real or personal, . . . ." Having knowledge of the slippery condition of its roadway, the State had a duty to either warn of such premise defect or to make the condition reasonably safe. *Miranda v. State*, 591 S.W.2d 568 (Tex.Civ.App.—El Paso 1979, no writ), and authorities there noted. The State erected the warning signs, but that does not foreclose the issue of its negligence because such warning may not have been adequate under the circumstances. Presumably, the trial Court found that it was not. The negligence of the State presumably is then established, but there is no evidence that such negligence caused the collision.

The only evidence on the question comes from the investigating DPS officer who testified that his examination of the physical facts—point of impact and damage to the vehicles—led to his opinion that the collision occurred in the east-bound lane. He testified:

A The tractor of the westbound vehicle was turned slightly to the right.

. . . . .

A Sliding forward at the same time.

This is not evidence that the slippery condition caused the collision. It was caused by one vehicle being in the other's lane of traffic, but that could result from a number of things, driver error, mechanical problems, etc., or the slippery road. To pick any one as the cause obviously is speculation. Venue cannot be so sustained. *Burtis v. Butler Bros.*, 148 Tex. 543, 226 S.W.2d 825 (1950).

The above evidence is relied on by Appellees to establish venue under subdivision 9a for, under that subdivision, it is also necessary to prove negligence which caused the plaintiff's injuries; again, it is no evidence of causation.

The judgment is reversed, and the cause as to Appellant is ordered transferred to the District Court of Tom Green County, Texas.